Frank Curtis BLEDSOE, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–16362.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1971.

Frazier & Frazier, Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

Frank Curtis Bledsoe, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Tulsa County to the offense of Obtaining Something of Value by Means of a Bogus Check, and was placed on two years probation. Shortly thereafter, the trial court became aware of the fact that the defendant had a prior Felony conviction, and was not eligible for a deferred judgment. Defendant filed an application to withdraw his plea of guilty, which was overruled. The defendant was sentenced to a term of not less than three years, nor more than nine years. A Writ of Certiorari was timely perfected to this Court.

Defendant's two propositions assert that the trial court abused its discretion in re-

fusing to allow withdrawal of the plea of guilty prior to judgment and sentence for the reason that the plea was involuntary. Defendant contends that the plea was involuntary because it was based on the belief that he would receive two years probation. We have carefully reviewed the record and find that the trial court was meticulous in advising the defendant of the consequences of the plea of guilty. After explaining the nature of the charge, the following transpired between the trial court and the defendant:

"Q. You understand, Mr. Bledsoe, that the maximum punishment for this offense is at least five years—

MR. HAGADORN: No, your Honor, it is up to ten.

THE COURT: Excuse me. The maximum punishment for this offense is ten year confinement in the state penitentiary. On your conviction you would be sentenced to the State Department of Corrections for a period of ten years.

MR. HAGADORN: It carries a fine, also. The fine is, up to a fine of $5,000.

THE COURT: As well as a fine up to $5,000. Knowing that you still wish to enter a plea of guilty?

"A. Yes, sir.

"Q. Do you understand, Mr. Bledsoe, that if you enter a plea of guilty in this case you will automatically waive your right to a jury trial?

"A. Yes, sir.

"Q. Your right to a jury trial is secured to you by the Constitution of the State of Oklahoma and the United States of America, and carries with it, of course, the right to have this case presented to twelve of your fellow citizens for their determination of your guilt or innocence of the charge that has been filed against you.

"A. Yes, sir.

"Q. And the right to have them determine the punishment that would be imposed should they find you guilty.

"A. Yes, sir.

"Q. It would require the State of Oklahoma, that they prove you guilty beyond a reasonable doubt. If they fail to do so then you would be acquitted. The right carries with it the right to be confronted by your accusers; to testify or not testify in your own behalf if you saw fit. The right to suppress any evidence which you felt was illegally or unlawfully obtained that the State would use against you. The right to have any witnesses you might want to testify on your own behalf, and things of that nature. As I say, if you enter a plea of guilty you will give up all those rights and will waive them. It is your desire to do that?

"A. Yes, sir.

"Q. Do you do that freely and voluntarily, Mr. Bledsoe?

"A. Yes, sir.

"Q. Mr. Bledsoe, has anybody threatened you in any manner in order to obtain your plea of guilty in this case?

"A. No, sir.

"Q. No agent of the State of Oklahoma or any other person I gather; has anyone offered you any form of violence, force, coercion or duress in order to get you to plead guilty to this charge, Mr. Bledsoe?

"A. No Sir.

"Q. Has anybody promised you anything, Mr. Bledsoe, in order to induce you to plead guilty to this charge?

"A. No, sir.

"Q. In that connection there may have been a discussion between your attorney and the representative of the District Attorney's office concerning a recommendation the District Attorney might make should you enter a plea of guilty. *I don't know whether that has happened in this case or not, but if it has happened I am not a party to any such discussion and I am not bound by any recommendation that the District Attorney's office might make. Do you understand that?* (Emphasis Added.)

"A. *Yes, sir.* (Emphasis Added.)

"Q. *They might recommend two years probation and I might think ten years in the penitentiary is what is called for.* (Emphasis Added.)

"A. *Yes, sir.* (Emphasis Added.)

"Q. *If that is my opinion that is what I will impose. I will consider and entertain any recommendation the District Attorney's office makes as proper and appropriate for them to do so but, as I say, I am not bound or concluded by their recommendation. You understand that fully?* (Emphasis Added.)

"A. *Yes, sir.* (Emphasis Added.)

"Q. *I want you to realize that you must not enter your plea of guilty premised upon the idea that you are going to receive a sentence of a particular length of years, because there is no way of knowing at this time what sentence you will receive. You understand that?* (Emphasis Added.)

"A. *Yes, sir.* (Emphasis Added.)

"Q. *I take it your plea of guilty is not based upon any such understanding or promise?* (Emphasis Added.)

"A. *No, sir.* (Emphasis Added.)

"Q. That you are going to receive some particular sentence. Mr. Bledsoe, are you suffering from any form of illness of taking any type of medicine or drugs or anything of that nature?

"A. No, sir.

"Q. That would prevent you from completely and fully understanding the nature of these proceedings and the consequences of your plea of guilty?

"A. No, sir.

"Q. Do you understand what is going on here today and what the effects of your plea of guilty would be?

"A. Yes, sir.

"Q. You do?

"A. Yes, sir.

"Q. Do you have any questions about it that you would like to ask of your attorney or the Court at this time?

"A. No, sir, not at this time.

"Q. Mr. Bledsoe, did you do those things the State alleges you did in this Information filed in this case?

"A. Yes, sir.

"Q. Are you guilty of the crime with which you stand charged at this time?

"A. Yes, sir.

"Q. I take it then you enter your plea of guilty solely because you are guilty?

"A. Yes, sir.

"Q. This plea is the product of your own free will?

"A. Yes, sir.

"Q. And your own free and voluntary act?

"A. Yes, sir.

"Q. By yours I mean it is your decision and your choice, Mr. Bledsoe?

"A. Yes, sir.

"Q. Mr. Carson, I am sure, has advised you what would be the best thing for you to do and the consequence of pleading guilty and what might happen if you had a jury trial and a trial by the Court and all that, but the decision to plead guilty is yours and not Mr. Carson's or your family's or anyone else. I gather at this time it is your own choice and your own decision, it that correct?

"A. Yes, sir." (Tr. 3–7)

Defendant testified at the hearing to withdraw the guilty plea, that he pled guilty upon his attorney's advice, relying on the promise that he would receive probation, despite his response at the time of his pleading guilty that he understood that the court did not have to follow the recommendation of the District Attorney.

It is apparent that there was a lack of communication between defense counsel and the District Attorney's office concerning defendant's prior conviction. Mr. Lang, the Assistant District Attorney involved in plea bargaining, testified that he had no knowledge of the prior conviction, and that he would not have recommended probation if he had such knowledge. Defense counsel testified that:

"It was my understanding,—as I understand, I believe I told Mr. Lang that my client had a former conviction of a felony for counterfeiting, I think I told Mr. Lang it was counterfeiting." (Tr. 50) (Emphasis Added.)

Had the defendant or his counsel made known the fact of the previous conviction, the District Attorney could not have recommended probation, nor could the court have followed the recommendation.

The trial court in overruling the Motion to Withdraw the Plea stated:

[THE COURT:] "I don't see how justice could serve in anymanner [sic], and I agree with the cases that that you cited, that the Court should be liberal, Mr. Carson, in allowing the defendant to withdraw a plea of guilty prior to judgment and sentencing imposed thereon, there is no doubt that that is rule, but even that liberality comes to a stop someplace. If a man could be allowed to withdraw his plea of guilty under the record in the case, then the plea of guilty may have no meaning or any sanctity or the proceedings that take place when such a plea is entered, and I say to allow him to do that, under the circumstances of this case, in my opinion, would be a travesty on justice and of on benefit to justice and it would just be plain, trifling with the Courts, and another instance where a person decided that the law and his past has finally caught up with him, and he is seeking one last desperate means of avoiding that which is justly due him. I think there is no doubt but what this man is guilty, he told me he was guilty, he entered a plea of guilty, with full knowledge of what would happen to him and did so uncoheresed [sic], from any outsider, any outside influence, and not influenced by any understanding that he would receive some particular type of sentence." (Tr. 53–54)

We concur with the ruling of the trial court that although a defendant should be permitted to withdraw his plea of guilty where any reasonable ground is shown,

there must be a stopping place. In the instant case, the trial court advised the defendant on five separate occasions that he was not bound by the District Attorney's recommendation. He was specifically asked if he understood that they might recommend probation and that they might sentence him to ten years in the penitentiary.

Each time the defendant responded that he did understand. It would be ludicrous to now hold that the defendant did not understand that the trial court was not bound by the District Attorney's recommendation. In the recent case of Feldhausen v. City, Okl.Cr., 481 P.2d 793, we stated:

"A defendant who enters a plea of guilty with knowledge that the court is not bound by the recommendation by the prosecution may not later complain that the court did not follow the recommendation. To hold otherwise would seriously interfere with the orderly administration of justice."

We therefore find these propositions to be without merit. The judgment and sentence is affirmed.

BRETT and NIX, JJ., concur.