**Edward Thomas FELDHAUSEN,
Plaintiff in Error,**

v.

**The City of OKLAHOMA CITY,
Defendant in Error.**

**No. A–15406.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Otto Pluess, III, Oklahoma City, for plaintiff in error.

Roy Semptner, Municipal Counselor, Charles Cleveland, Asst. Municipal Counselor, for defendant in error.

BUSSEY, Presiding Judge:

Edward Thomas Feldhausen, hereinafter referred to as defendant, entered a plea of

guilty in the Municipal Criminal Court of Oklahoma City to the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, and was sentenced to serve sixty days in the city jail and to pay a fine of $100.00, and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant's sole proposition alleges that the trial court failed to advise the defendant of his rights upon a plea of guilty and before sentencing. The record reflects that the defendant appeared with counsel and withdrew his plea of not guilty and entered a plea of guilty on February 24, 1969. Sentencing was set for March 3, 1969. The defendant, and counsel, appeared for sentencing and announced that there was no reason in law why sentencing should not be pronounced. The City Attorney recommended a fine. The defendant's attorney stated that he understood that the recommendation was not binding on the court. The trial court questioned the defendant concerning the offense and his prior record and thereafter pronounced judgment and sentence.

The defendant, with new counsel, requested permission to withdraw the guilty plea and a hearing was conducted. The defendant informed the Court that he had entered the plea of guilty based on his attorney's representation that he would pay a fine. The court stated:

"I go to great lengths to make it very clear to everybody that steps up that I am not bound to follow anybodys recommendation, as long as I stay within the bounds of the law." (CM 40).

The Assistant City Attorney verified the court's warning wherein he stated:

"You very explicitly explained to the defendant and his attorney * * * that our recommendation was not binding. You asked the defendant, do you understand, and I remember the defendant saying yes, and * * * saying yes." (CM 42).

This Court has consistently held that a defendant in a criminal case should be permitted to withdraw his plea of guilty given unadvisedly before or after judgment, where any reasonable ground is offered in support of his motion. See Bigpond v. State, Okl.Cr., 463 P.2d 989.

In the instant case, we are of the opinion that the defendant does not show sufficient grounds that the plea was unadvisedly entered. The record reflects that the defendant knew the prosecution's recommendation was not binding on the Court. He did not seek to withdraw the guilty plea until sentence was pronounced approximately one week later. A defendant who enters a plea of guilty with knowledge that the court is not bound by the recommendation by the prosecution may not later complain that the court did not follow the recommendation. To hold otherwise would seriously interfere with the orderly administration of justice. We, therefore, are of the opinion, that the judgment and sentence should be, and the same is hereby, affirmed.