Dennis D. THOMAS and David S. King,
Plaintiffs in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15877.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1971.

Shutler, Baker, Simpson & Logsdon, Kingfisher, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Dennis D. Thomas and David S. King, hereinafter referred to as defendant Thomas and defendant King, entered pleas of guilty in the District Court of Kingfisher County, Oklahoma for the crime of Possession of Stolen Property. Their punishments were fixed at one (1) year imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

The first proposition asserts that the court erred in not allowing the defendants to withdraw their pleas of guilty when the Record clearly shows the defendants had entered their pleas of guilty after having been influenced by persons of apparent authority, to-wit: the Assistant District Attorney. The Record reflects that the defendants, while represented by counsel, freely and voluntarily entered pleas of guilty with full knowledge of the nature and consequences of such pleas and after having been advised of all their constitutional rights. The trial court carefully explained to each defendant that he was not bound to follow the recommendation of the District Attorney, to which each defendant responded that he understood and that he was not pleading guilty, relying on the court, following the District Attorney's recommendation. The District Attorney, thereupon, recommended a two-year suspended sentence. The trial court, after examining each defendant's prior record, declined to follow the recommendation and assessed punishment at one (1) year imprisonment. In the recent case, Feldhau-

sen v. City of Oklahoma City, Okl.Cr., 481 P.2d 793, we stated:

"A defendant who enters a plea of guilty with knowledge that the court is not bound by the recommendation by the prosecution may not later complain that the court did not follow the recommendation. To hold otherwise would seriously interfere with the orderly administration of justice."

We, therefore, find this proposition to be without merit.

The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed does not shock the conscience of this Court.

The judgments and sentences are affirmed.

BRETT, J., concurs.