PEOPLE v STEVENSON

1. CRIMINAL LAW—PLEA BARGAINING—PLEA OF GUILTY—CONVICTION AT TRIAL—RIGHT TO APPEAL—NEGOTIABILITY.

A criminal defendant's right to appeal is non-negotiable in the instance of a plea-based conviction; and, a defendant who is convicted following a trial may not bargain away his right to appeal in exchange for dismissal of other charges.

2. CRIMINAL LAW—EFFECTIVE ASSISTANCE OF COUNSEL—TRIAL TACTICS —WITNESSES—ALIBI WITNESSES.

Failure of defense counsel to call two alibi witnesses did not deny the defendant the effective assistance of counsel where defendant's alibi was rather weak, defense counsel knew of and had interviewed the two alibi witnesses, and under all the circumstances it is clear that counsel's decision not to call the witnesses was intentional and a trial tactic.

3. CRIMINAL LAW—TRIAL STRATEGY—EVIDENCE—DIRECT EXAMINATION—CROSS-EXAMINATION—WITNESSES—ALIBI WITNESSES.

Failure to object to the admission of evidence, the conduct of direct and cross-examination of witnesses, and the decision whether or not to seek the presence of alibi witnesses are generally considered matters of trial strategy.

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 April 8, 1975, at Grand Rapids. (Docket No. 19596.) Decided April 25, 1975.

George E. Stevenson was convicted of armed

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
Enforceability of plea agreement or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for crimes. 43 ALR3d 281.

[2] 21 Am Jur 2d, Criminal Law §§ 315, 321.
Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.

[3] 75 Am Jur 2d, Trial § 166.

robbery. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard J. Pasarela,* Prosecuting Attorney, and *David F. Folkert,* Assistant Prosecuting Attorney, for the people.

George E. Stevenson, *in propria persona.*

Before: T. M. BURNS, P. J., and McGREGOR and D. F. WALSH, JJ.

McGREGOR, J. This case has an unusual history. On December 17, 1971, defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and subsequently was sentenced to 8 to 40 years in prison. He filed an appeal with this Court on January 17, 1972, and appellate counsel was appointed. At that time, defendant had five other charges pending against him, including a charge of assault with intent to commit murder. As a result of a plea bargain, the five pending felony charges were dismissed in return for defendant's withdrawal of his armed robbery appeal. Defendant signed a waiver of appeal on April 3, and an order dismissing the appeal was issued on April 27, 1972.

On July 15, 1972, defendant wrote to the trial judge, requesting appointment of counsel for an appeal of the armed robbery conviction. Because of the defendant's failure to keep his part of the plea bargain, the prosecutor moved, on July 27, 1972, to reinstate the five felony charges. A trial on the charge of assault with intent to murder was scheduled but was never held, because the defendant pled guilty to the charge and was sentenced to 4 to 40 years in prison.

Defendant claims that he pled guilty to that charge in return for the prosecutor's promise to give back his right to appeal the armed robbery conviction. Following his guilty plea, the other reinstated charges were again dismissed.

On May 8, 1974, this Court denied defendant's application for delayed appeal of his armed robbery conviction.

Meanwhile, the defendant had appealed his plea-based conviction of assault with intent to commit murder. On August 16, 1974, this Court, in an unpublished per curiam opinion, reversed the defendant's conviction of assault with intent to commit murder.

On October 15, 1974, the Supreme Court granted defendant's motion for delayed appeal of his armed robbery conviction. The Court stated:

"The Court, *sua sponte,* under GCR 1963, 865.1(7), orders the cause remanded to the Court of Appeals for consideration as on leave granted. *Cf. People v Harrison,* 386 Mich 269, 274–275 [191 NW2d 371] (1971)." *People v Stevenson,* 392 Mich 809 (1974).

The end result of the bizarre factual history and complicated legal maneuvering of this case is apparent. Not only is the right to appeal non-negotiable in the instance of plea-based convictions, *People v Ledrow,* 53 Mich App 511; 220 NW2d 336 (1974), it is also non-negotiable where the defendant is convicted following a trial and separately bargains away his right to appeal in exchange for dismissal of other charges.

It is quite clear, since *Harrison, supra,* that our Supreme Court holds that public policy forbids the prosecutor from insulating himself from review by either implicitly or explicitly bargaining away a defendant's right to appeal.

The case is, therefore, back before this Court once again, by virtue of the legal maneuverings noted above. We turn to a consideration of the defendant's one substantive complaint on appeal, namely, that he was denied the effective assistance of counsel at trial.

The only basis for this claim is that, while the defense counsel did file a pretrial notice of alibi listing four alibi witnesses, only two of the witnesses were called to testify.

Defendant urges that his claim of ineffective assistance of counsel be reviewed under the standard announced in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974). However, under either the *Beasley* standard or the standard announced in *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), we hold that the representation of the defendant by his defense counsel was neither incompetent nor ineffective.

A brief examination of the transcript clearly indicates that the defendant's claim is without merit. At trial, defendant testified that on the night of the robbery, a friend of his borrowed his car. Defendant claims that, from 7:30 until 10 p.m., he was at his girl friend's house. Both he and his girl friend then went to Mr. Emmett Davis' house to borrow Mr. Davis' car, in order to look for the defendant's car. Defendant claimed that his friend did not return his car until 12:00 or later that night. Defendant's girl friend testified and corroborated the defendant's story. The friend who allegedly borrowed the defendant's car also testified and corroborated the defendant's version of that night's events. The two alibi witnesses who were endorsed but not called were Mr. and Mrs. Emmett Davis.

The case for the prosecution, however, was over-

whelming. Both victims of the robbery testified at trial and identified the defendant as the robber. One victim reported the license plate number of the robber's car, which was identical to the license plate number of the defendant's car. Furthermore, at the time of the robbery, there was a struggle, and the robber's gun was discharged. The spent bullet, recovered at the scene of the crime, was examined and was found to have been fired from the gun which defendant tried to sell, two days later, to another witness. Further, both parents of the defendant's girl friend testified that the defendant was not at their house that evening.

The defendant admits that his counsel knew of, interviewed, and endorsed as alibi witnesses both Mr. and Mrs. Davis. The defendant also knew that neither Mr. or Mrs. Davis were called to testify at trial. However, the defendant did not object at trial to his counsel's conduct nor request a testimonial record be made of his objections at the trial court level. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). Nevertheless, in this instance, we will review the defendant's claim.

Initially, we take note of the obvious, namely, that the prosecution's case was strong and the defendant's alibi rather weak. Even if counsel had chosen to call the Davises as witnesses, it is difficult to see how this would have changed the result. Even by defendant's version of that night's events, the encounter with Mr. Davis was brief and is hardly conclusive proof of defendant's alibi.

As a general rule, failure to object to the admission of evidence, the conduct of direct and cross-examination of witnesses, and the decision of whether or not to seek the presence of alibi witnesses, are all matters of trial strategy. *People v Phelps,* 57 Mich App 300; 225 NW2d 738 (1975),

*People v McLeod,* 45 Mich App 332; 206 NW2d 528 (1973).

Under the facts in this case, the reason for this general rule is made obvious. Defense counsel knew of and had interviewed and endorsed the two alibi witnesses who did not testify at trial. Under the circumstances, it is clear that counsel's decision not to call the Davises as additional alibi witnesses was intentional and a trial tactic.

Employing either the *Beasley* or the *Degraffenreid* standard, we hold that the defendant's claim of error is without merit, since he was represented by competent and effective counsel.

Affirmed.