555 P.2d 345
**STATE of Arizona, Appellee,**

v.

**Gary Joseph CAGNINA, Appellant.**
**No. 3430.**

Supreme Court of Arizona,
En Banc.
Sept. 15, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

On January 12, 1976, appellant Gary Joseph Cagnina pled no contest to the charge of murder, second degree. He was sentenced on February 11, 1976, to the Arizona State Prison for a term of not less than 25 years nor more than life. This appeal is pursuant to the Arizona Constitution, article 2, § 24, article 6, § 5, and A.R.S. §§ 13–1711 and 12–120.21(A)(1).

Appellant, at all times represented by counsel, pled no contest pursuant to a plea agreement entered between him and the Maricopa County Attorney's Office, filed with the court on January 12, 1976. The agreement contained the maximum term appellant could receive for the crime, 10 years to life. It also contained promises that the County Attorney's Office would recommend a term of no less than 10 years and no more than 30 years, and would not file any additional charges "regarding any crime to date." It further contained the provision that Phoenix Police Detective Eloy Ysasi would recommend as a sentence the 10-year minimum. At the time of sentencing, all these promises had been faithfully carried out.

Appellant's brief, filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raises only the issue that the trial judge failed to follow the recommendations made in accordance with the plea agreement. We have further searched the entire record on review for any other error, pursuant to Arizona law. A.R.S. § 13–1715(B), *State v. James*, 110 Ariz. 334, 519 P.2d 33 (1974). Finding no fundamental error, we address ourselves to the issue raised by appellant's brief.

■ Failure to follow the recommendations of the plea agreement, in this case was not error. The defendant was clearly

advised that the state's recommendation was not binding on the court and voluntarily entered the plea anyway.

At the time the plea was taken, the judge said:

"COURT: So that the record is perfectly clear on this, the agreement is that the State is simply recommending a sentence . . . but that is not binding on the Court. So that the Court could impose a sentence with a greater minimum and a greater maximum; is that correct?

"DEFENSE COUNSEL: That is correct. . . .

"COUNTY ATTORNEY: . . . Correct.

"COURT: Do you understand that, Mr. Cagnina?

"MR. CAGNINA: Yes, sir.

. . . . . .

"COURT: Considering everthing that I have asked and everything that has been said here at these proceedings, do you still want to enter a plea of no contest?

"MR. CAGNINA: Yes, sir."

■ Sole responsiblity for sentencing rests with the trial judge. A.R.S. § 13–1642. His sentence, as long as within the statutory limits, and absent clear abuse of discretion, is valid. *State v. Wilcynski*, 111 Ariz. 533, 534 P.2d 738 (1975), *cert. denied*, 423 U.S. 873, 96 S.Ct. 141, 46 L.Ed.2d 104 (1975).

■ A defendant who pleads guilty or no contest to an offense, having been informed by the court that the court is not bound to follow recommendations of the county attorney in a plea agreement, cannot complain when the trial court does not follow those recommendations and imposes a harsher sentence. *Thomas v. State of Oklahoma*, Okl.Cr., 491 P.2d 781 (1971). To hold otherwise would seriously interfere with the orderly administration of justice. *Feldhausen v. City of Oklahoma City*, Okl.Cr., 481 P.2d 793 (1971). Although a prosecutor's recommendations are part of a plea agreement, a decision not to

follow them is within the court's discretion. It is only when the agreed-upon recommendations are not made by the prosecutor that the defendant has grounds for asserting error in the proceedings. Such recommendations must be distinguished from plea agreements in which a specific sentence is a condition of defendant's plea, a situation not included in this appeal.

The written plea agreement set forth the complete range of sentence appellant could receive and he was further advised thereof orally by the trial court. There is no contention that the full agreement was not carried out by the county attorney. Rule 17 of the Arizona Rules of Criminal Procedure was followed to the letter: appellant was advised of his constitutional rights, the nature of the charge and the consequences of his plea; a factual basis for the plea was established; it was determined that the plea was entered voluntarily and intelligently and that, after due consideration of the views of the parties, it was made in the interest of justice and in the effective administration of justice.

Judgment and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.