559 P.2d 697

The STATE of Arizona, Appellee,

v.

Homer Grant DOVER, Appellant.

No. 2CA-CR 867.

Court of Appeals of Arizona, Division 2.

Dec. 28, 1976.

**142**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Cavness & DeRose by Jerry DeRose, Globe, for appellant.

## OPINION

HOWARD, Chief Judge.

The issue which has arisen in this case is whether a defendant can validly waive his right to appeal in a plea agreement.

Appellant pled guilty to two counts of performing lewd and lascivious acts upon a child under the age of fifteen years in violation of A.R.S. § 13–652. He was sentenced to serve concurrent terms of not less than sixty years nor more than life in the Arizona State Prison.

Appellant's counsel filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and appellant has filed his own supplemental brief. The State has filed an answering brief and a motion to dismiss the appeal based on a written plea agreement signed by appellant.

The terms of the plea agreement provided, inter alia, that in exchange for the guilty plea to the two counts, the State agreed to dismiss the allegation that appellant had been previously convicted of second degree rape and agreed to recommend that the sentences run concurrently. In exchange for the State's promises, appellant waived, inter alia, his right to appeal.

 The record demonstrates that appellant made a knowing and voluntary waiver of his right to appeal. While it is true that under Art. 2, § 24 of the Arizona Constitution a defendant is given the right to appeal, a defendant can waive various constitutional rights by pleading guilty. He can waive his right to appeal by failing to bring a timely appeal. *State v. Ward,* 108 Ariz. 288, 496 P.2d 588 (1972). He may also waive his right to appeal if he knowingly and voluntarily does so in a plea agreement. *State ex rel. Adams v. Norvell,* 1 Tenn.Cr.App. 648, 448 S.W.2d 454 (1969).

However, his agreement may in some instances be more illusory than real since he does not waive fundamental error. Cf. *State v. Boag,* 104 Ariz. 362, 453 P.2d 508 (1969). Suppose, for example, appellant had agreed to plead to and was convicted of spreading cosmic dust over the universe contrary to the laws of the High Lama of Xanadu? There would seem to be no doubt that he could attack his conviction on appeal. Likewise, he should be able to appeal a sentence of from twenty to thirty years in the Arizona State Prison when the maximum sentence imposable is only five years.

We have searched the record for fundamental error pursuant to A.R.S. § 13–1715 and find none.

The motion to dismiss the appeal is denied and the judgment and sentences are affirmed.

HATHAWAY and RICHMOND, JJ., concur.