592 P.2d 768

STATE of Arizona, Appellee,

v.

Raymond Everett ETHINGTON, Appellant.

No. 4368.

Supreme Court of Arizona,
In Banc.

Feb. 22, 1979.

Rehearing Denied April 3, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Scott W. Schlievert, Tucson, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant Raymond Everett Ethington was sentenced, pursuant to a plea agreement, to a prison term of 10 to 15 years for robbery. He appeals, claiming that the trial court abused its discretion when sentencing him, and that the sentence imposed was excessive. Judgment affirmed.

The first issue is whether a defendant can waive his right to appeal before imposition of sentence. It is the State's position that we cannot consider appellant's claims of error because he voluntarily and knowingly entered into a plea agreement, waiving his right to appeal the court's entry of judgment and imposition of sentence. In waiving his right to appeal, the State claims that appellant relinquished his right to challenge any error except fundamental error.[1]

While appellant's claim of error is not fundamental to the foundation of his defense, we think public policy forbids a prosecutor from insulating himself from review by bargaining away a defendant's appeal rights. See State v. Gibson, 68 N.J. 499, 348 A.2d 769 (1975); People v. Stevenson, 60 Mich.App. 614, 231 N.W.2d 476 (1975). In People v. Butler, 43 Mich.App. 270, 204 N.W.2d 325 (1972), the court explained:

> "If such bartering were to be permitted, the prosecution would indeed be able to insulate, in many cases, guilty pleas accepted in contravention of standards which have been developed with painstaking care to afford defendants their basic rights." 43 Mich.App. at 280, 204 N.W.2d at 330.

We hold that the right to appeal is not negotiable in plea bargaining, and that as a matter of public policy a defendant will

---

1. Fundamental error is "such error as goes to the foundation of the case, or which takes from the defendant a right essential to his defense." *State v. Gamble,* 111 Ariz. 25, 26, 523 P.2d 53, 54 (1974).

be permitted to bring a timely appeal from a conviction notwithstanding an agreement not to appeal. To the extent *State v. Dover*, 114 Ariz. 141, 559 P.2d 697 (App.1976) and *State v. Gutierrez*, 20 Ariz.App. 337, 512 P.2d 869 (1973) are inconsistent with this opinion, they are overruled.

Appellant's initial argument is that the trial court abused its discretion in imposing sentence because it (1) considered charges that were dismissed pursuant to the plea agreement; (2) failed to examine a letter written by appellant's counselor at Arizona State Prison; and (3) operated under the mistaken belief that appellant could be credited with three-for-one time when serving his sentence.

 Sole responsibility for sentencing rests with the trial judge and in the absence of clear abuse of discretion, his sentence is valid. *State v. Cagnina*, 113 Ariz. 387, 555 P.2d 345 (1976). An abuse of discretion is characterized by capriciousness or arbitrariness or by a failure to conduct an adequate investigation into the facts necessary for an intelligent exercise of the court's sentencing power. *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978); *State v. Douglas*, 87 Ariz. 182, 349 P.2d 622, *cert. denied*, 363 U.S. 815, 80 S.Ct. 1255, 4 L.Ed.2d 1157 (1960).

██ Appellant was originally charged with two counts of kidnapping, two counts of rape, two counts of lewd and lascivious acts and two counts of armed robbery, all arising out of the events of one night. The trial court admitted it was disturbed by the nature of the alleged offenses, and ostensibly sentenced the appellant accordingly. Appellant claims this was an abuse of discretion. We disagree. The record reveals ample evidence that appellant committed the offenses with which he was originally charged. Under the circumstances that all charges arose out of a single series of events, the trial court may properly consider the charges that were dismissed pursuant to a plea agreement along with other matters. See *State v. Hanley*, 108 Ariz. 144, 493 P.2d 1201 (1972).

██ Appellant claims that the court improperly failed to examine a letter written by a counselor at Arizona State Prison. The court was aware of the letter containing a recommendation since it was submitted to a probation officer, who in turn paraphrased it and included it in a presentence report. Moreover, appellant's counsel referred the contents of the recommendation to the trial court at the sentencing hearing. Whether any weight should be given to a recommendation is within the sound discretion of the trial court. See *State v. Patton*, supra.

██ Appellant argues that the trial court sentenced him under the mistaken impression that he would receive three-for-one for good time rather than two-for-one time. The record does not support this contention, for it shows that the court's erroneous initial impression was rectified by the appellant at the sentencing hearing. The court sentenced appellant with full knowledge that his sentence, if reduced by prison authorities, could only be shortened by two-for-one time.

██ Appellant asserts that the sentence imposed was so excessive that it constitutes cruel and unusual punishment. Appellant's sentence is within statutory limits, and since the statute has not been declared unconstitutional, his sentence cannot be deemed cruel and unusual punishment. *State v. O'Neill*, 117 Ariz. 343, 344, 572 P.2d 1181, 1182 (1977). He argues, however, that his sentence is cruel and unusual punishment because he cannot get proper medical treatment at the Arizona State Prison. The record is devoid of any evidence which even remotely supports this. Where the record does not contain evidence in support of a claim of error, it will not be considered further. See *State v. McDonald*, 117 Ariz. 159, 571 P.2d 656 (1977); *State v. Brooks*, 107 Ariz. 364, 489 P.2d 1 (1971).

The record clearly shows that the trial court considered both the general character of the offense charged and of the person convicted. Since we have found no clear abuse of discretion, and the sentence is within statutory limits, we decline to reduce

the sentence pursuant to A.R.S. § 13–4037(B) (formerly A.R.S. § 13–1717(B)). *See State v. O'Neill, supra.*

Judgment affirmed.

CAMERON, C. J., and HAYS and HOLOHAN, JJ., concur.

GORDON, Justice (specially concurring):

Appellant's contention that his sentence is cruel and unusual punishment must be rejected, but for reasons other than those advanced by the majority opinion. The opinion states: "Appellant's sentence is within statutory limits, and since the statute has not been declared unconstitutional, his sentence cannot be deemed cruel and unusual punishment," citing out of context *State v. O'Neill,* 117 Ariz. 343, 572 P.2d 1181 (1977). This Court in *O'Neill, supra,* so held after first explaining that it had, in previous decisions, upheld the constitutionality of the statute under scrutiny. The Court today, however, neither cites prior decisions upholding the constitutionality of the instant statute, nor does it now find the statute constitutional.

In order to challenge a penalty as cruel and unusual, this Court, adhering to the weight of authority on the subject, has indicated that the statute imposing the sentence, rather than the specific sentence itself, must be shown to be unconstitutional:

"[W]here the *statute* fixing punishment for an offense is not unconstitutional, a sentence within the limits prescribed by such statute will not be regarded as cruel and unusual." (Emphasis added.) *State v. Castano,* 89 Ariz. 231, 233, 360 P.2d 479, 480 (1961).

*See also State v. Guthrie,* 111 Ariz. 471, 532 P.2d 862 (1975); *State v. Quintana,* 92 Ariz. 308, 376 P.2d 773 (1962).

A constitutional challenge to the statute itself would require the assertion that ten to fifteen years imprisonment is too severe for the crime of robbery committed by any person, under any circumstances. Appellant merely argues that such a term is excessive as it applies to him because of his specific circumstances. This argument is

properly the subject of a request for a reduction in sentence pursuant to A.R.S. § 13–4037(B), formerly A.R.S. § 13–1717(B), which the majority considered later in its opinion. Thus, because appellant's sentence is within the statutory limits, and he does not challenge the constitutionality of the statute, his sentence cannot be deemed cruel and unusual punishment.