■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GASBARRO, Appellant.—Main, J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered May 31, 1984, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

On October 19, 1983 at approximately 1:45 A.M., a Citgo gas station attendant in the Town of Cairo was robbed at gunpoint of almost $167. Defendant, aged 17, and his two young friends were apprehended the following day, and defendant voluntarily admitted that he stole the gun from his brother and that the same was used by his companion in the robbery in which the three young people participated. On November 22, 1983, defendant was indicted for robbery in the first degree and criminal possession of stolen property in the first degree. On February 10, 1984, after plea bargaining, defendant entered a plea of guilty of attempted robbery in the first degree in full satisfaction of all counts of the indictment and was sentenced to 1½ to 4½ years' imprisonment.

On this appeal, defendant argues that the People violated the plea bargain by opposing the grant of youthful offender treatment for defendant and that County Court erred in not granting youthful offender status. We find no merit to either contention, and the record fails to reveal any reneging with regard to the plea bargain on the part of the District Attorney. Moreover, if there was any violation of an agreement, a highly doubtful supposition, any prejudice to defendant was eliminated by the court, which directly addressed defendant and, after a thorough explanation of his options, including an offer to defendant to permit withdrawal of his plea, instructed him to discuss them with his attorney. Thereafter, when defendant advised the court that he did not wish to withdraw his plea and wanted to be sentenced, he was sentenced as aforementioned. The record amply demonstrates that the plea was voluntary and knowingly made.

CPL 720.10 (3) permits a trial court, in its discretion, to grant youthful offender treatment even in a case such as this involving an armed felony offense. However, under the factual pattern presented here and the serious nature of the crime, there can be no genuine claim that County Court abused its discretion.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.