342 S.E.2d 240

**STATE of West Virginia**

v.

**Edward Allen CABELL.**

**No. 16619.**

Supreme Court of Appeals of West Virginia.

April 3, 1986.

---

George D. Beter, Huntington, for appellant.

Atty. Gen. Charlie Brown, Asst. Atty. Gen., George P. Stanton, III, Charleston, for appellee.

MILLER, Chief Justice:

This is an appeal by Edward Allen Cabell from an order of the Circuit Court of Cabell County denying his motion to withdraw two guilty pleas he entered under an agreement with the State. Because we conclude that the circuit court failed to comply with Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure, we reverse the defendant's convictions and remand with instructions.

In December, 1982, the defendant was charged with five felony offenses by a grand jury in Cabell County. The five-count indictment charged the defendant with burglary by breaking and entering, burglary by entering without breaking, aggravated robbery, malicious wounding, and attempted murder. All the charges arose from a single criminal episode in which the defendant, after having been observed during the commission of a burglary, severely assaulted the eyewitness and absconded with her purse.

The case was set for trial in April, 1983. On the day before trial, the defendant entered a plea of guilty to aggravated robbery and burglary pursuant to a plea bargaining agreement with the prosecutor. Before accepting the defendant's pleas, the circuit court questioned the defendant, both his court-appointed attorneys, and the prosecutor about the terms of the plea bargaining agreement. The defendant and both court-appointed counsel also completed standardized forms which indicate the defendant's pleas were voluntarily entered.

The agreement provides that in return for the defendant's guilty pleas to aggravated robbery and burglary, the prosecutor would seek dismissal of the three remaining counts in the indictment and would recommend a thirty-year sentence on the aggravated robbery charge. There was no agreement concerning whether the sentences would run concurrently or consecutively.

Although the circuit court carefully explained that it had the ultimate responsibility for sentencing and was not bound in any respect by the prosecutor's sentencing recommendation, the circuit court did not inform the defendant that if it decided not to accept the sentencing recommendation, the defendant would nonetheless have no right to withdraw his pleas as provided for in Rule 11(e)(2).

At the subsequent sentencing hearing, the circuit court chose not to follow the prosecutor's recommendation and sentenced the defendant to sixty years imprisonment on the aggravated robbery charge and ordered that the one-to-fifteen year sentence for burglary was to run consecutive to the aggravated robbery sentence.

The defendant thereafter moved to withdraw his guilty pleas on a number of grounds, including the circuit court's failure to comply with Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure. The circuit court denied the defendant's motion and this appeal followed.

■ Although this Court has sanctioned plea bargaining in criminal cases for many years, we observed in Syllabus Point 1 of *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984):

"With the advent of Rule 11 of the West Virginia Rules of Criminal Procedure, a detailed set of standards and procedures now exists governing the plea bargaining process." [1]

Rule 11(e)(1) provides in general that the attorney for the State, in exchange for a plea or pleas of guilty, may agree to: move for dismissal of other charges; make a sentencing recommendation with the understanding that the recommendation would not be binding upon the court or agree not to oppose the defendant's request in regard to sentencing; agree that a specific sentence is the appropriate disposition of the case; or agree not to seek additional charges for other offenses. [2]

The agreement in this case essentially imposed two obligations upon the State: first, to seek dismissal of the three remaining counts in the indictment as provided for in Rule 11(e)(1)(A); and, second, to make a specific recommendation as to an appropriate sentence on the aggravated robbery charge as is provided for by Rule

1. The West Virginia Rules of Criminal Procedure became effective on October 1, 1981. This Court adopted several amendments to the rules effective on February 1, 1985.

2. Rule 11 of the West Virginia Rules of Criminal Procedure provides, as pertinent here:

"(e) *Plea Agreement Procedure.—*

"(1) In General.—The attorney for the State and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the State will do any of the following:

"(A) Move for dismissal of other charges; or

"(B) Make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

"(C) Agree that a specific sentence is the appropriate disposition of the case; or

"(D) Agree not to seek additional indictments or information for other known offenses arising out of past transactions. The court shall not participate in any such discussions."

11(e)(1)(B). There is no dispute that the State fully complied with its agreement.

Rule 11(e)(2) provides that the terms of the agreement must be placed on the record and establishes the procedure that the circuit court must follow, depending on the type of plea agreement that has been reached between the State and the accused:

> "Notice of Such Agreement.—If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in Subdivisions (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. *If the agreement is of the type specified in Subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw his plea.*" (Emphasis supplied).

In accordance with this rule, the plea bargaining agreement in this case was spread on the record. It is clear from the transcript that the circuit court decided to accept the Rule 11(e)(1)(A) part of the plea agreement providing for dismissal of the remaining three counts of the indictment.[3] The remaining and principal component of the plea agreement was that the prosecutor would recommend a thirty-year sentence on the aggravated robbery plea.

This aspect of the plea agreement is of the type specified in Rule 11(e)(1)(B), because the prosecutor agreed to make a sentencing recommendation with the understanding that such recommendation would not bind the circuit court. The last sentence in Rule 11(e)(2) emphasized above provides with respect to this type of agreement that the court "shall advise" the defendant that if the court does not accept the prosecutor's sentencing recommenda-

tion, the defendant nevertheless has no right to withdraw his plea. The circuit court did not comply with this requirement.

We have not been confronted with this factual situation before, but the notice requirement of our Rule 11(e)(2) is identical to the federal rule, as amended in 1979, and several United States Courts of Appeals have dealt with this issue. The Fourth Circuit in *United States v. Iaquinta,* 719 F.2d 83, 85 (4th Cir.1983), considered this point, reversed the defendants' convictions, and remanded the case to afford them an opportunity to plead again:

> "To ensure that defendants fully understand the consequences of a type (B) agreement, Rule 11(e)(2) was amended, effective August 1, 1979 to provide that when the plea agreement is type (B), 'the court *shall* advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea.' *See* Advisory Committee Note to Fed.R.Crim.P. 11(e)(2) (emphasis added).

> "While the district court need not recite verbatim the advice required by Rule 11(e)(2), it must substantially inform the defendant of and determine that the defendant understands the admonition contained therein. The district court here merely informed Iaquinta and Shine [the defendants] that it was not bound by any recommendations, and we decline to hold that such an instruction substantially informs a defendant that he or she has no right to withdraw his or her plea if the district court does not accept the sentencing recommendation. Furthermore, the district court never attempted to ascertain whether the defendants understood that they were without that right."

In reaching that result, the Fourth Circuit quoted approvingly from the decision in *United States v. Missouri Valley Constr. Co.,* 704 F.2d 1026, 1030 (8th Cir. 1983), which also set aside a guilty plea and permitted the defendant to plead anew:

> "[T]he district court went only half way in meeting the notice requirements of

---

**3.** A prosecutor has, of course, no authority to dismiss an indictment. Both before and after the adoption of the West Virginia Rules of Criminal Procedure, the decision to dismiss an in-

dictment has been left to the courts. Syllabus Points 10 and 11, *Myers v. Frazier, supra; State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 278 S.E.2d 624 (1981).

rule 11(e)(2). Although the court informed the defendant that the court was not required to accept the recommendation contained in the plea agreement, it failed to go further and to advise the defendant that if the court did not accept the recommendation, the defendant would have no right to withdraw the plea. Rule 11(e)(2) clearly, precisely, and unequivocally requires that 'the court *shall* advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea' (emphasis added). The district court did not comply with this mandate." [4]

*See also United States v. Stanton,* 703 F.2d 974 (6th Cir.1983).

A similar result was reached in *United States v. Burruezo,* 704 F.2d 33 (2d Cir. 1983), where the court pointed out that the reason behind the 1979 amendment requiring the defendant to be advised that if the sentencing recommendation was not accepted, he still could not withdraw his guilty plea was to settle a difference of interpretation that had arisen in the federal circuits.[5]

Finally, it should be noted that the Supreme Court of Michigan in *People v. Killebrew,* 416 Mich. 189, 208, 330 N.W.2d 834, 842 (1982), adopted the same approach to its Rule 11 and gave this practical insight as to the necessity for the rule:

"[T]he truth is that most defendants rely on the prosecutor's ability to secure the sentence when offering a guilty plea. This is true even when the court specifically admonishes the defendant that it is not bound by the prosecutor's recommendation. All disclaimers that the court is not bound are often viewed as ceremonial incantations. *State v. Goodrich,* 116 N.H. 477, 479, 363 A.2d 425 (1976); Alschuler, *The Trial Judge's Role in Plea Bargaining, Part I,* 76 Colum.L.Rev. 1059, 1069 (1976)." [6]

The foregoing cases do not recognize that the acceptance of a guilty plea often consists of a two-step process. The first step involves the presentation of the guilty plea to the trial court. At this stage, the court determines whether it is made pursuant to a plea bargain and considers whether it will accept the plea bargain as being in the public interest. *See Myers v. Frazier, supra.*

If the court decides that the plea bargain is appropriate, it must then proceed to advise the defendant as to the matters contained in Rule 11(c) relating to the nature of the charge, its penalties, and the various rights that will be given up by the guilty plea. The court must also be satisfied that the plea is voluntary as required by Rule 11(d) and that there is a factual basis for it under Rule 11(f). After this is done, the court may accept the guilty plea, but condition its acceptance on the receipt of a presentence report.

**4.** In *Missouri Valley,* the court pointed out that strict adherence to the requirements of Rule 11 was mandated by *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which had set aside a guilty plea because the judge had failed to personally interrogate the defendant as to his understanding of the charges and the voluntariness of his plea. The United States Supreme Court based its decision on its supervisory powers over the federal courts.

**5.** The language of *Burruezo,* 704 F.2d at 37, in this regard is:

"This clarifying amendment was believed necessary because of a conflict in the cases dealing with recommendations under subsection (e)(1)(B). Some courts treated a refusal to abide by a recommendation as a rejection of the plea agreement, which required that a defendant be given an opportunity to withdraw his plea.... The majority view, how-

ever, was that since a subsection (e)(1)(B) agreement is merely a recommendation, there was no agreement to 'accept' or 'reject' under the Rule and a defendant need not be given the opportunity to withdraw his plea." (Citations omitted).

*See* Annot., 60 A.L.R.Fed. 621 (1982).

**6.** There are state cases that hold it is not error to refuse a defendant the right to withdraw his guilty plea where he receives a sentence longer than the recommended sentence if he has been told initially that the court has the ultimate discretion on sentencing. It does not appear, however, that the courts were dealing with a counterpart to Rule 11(e)(2). *E.g., State v. Cagnina,* 113 Ariz. 387, 555 P.2d 345 (1976) (En Banc); *Szarwak v. Warden,* 167 Conn. 10, 355 A.2d 49 (1974); *State v. Rich,* 305 N.W.2d 390 (S.D.1981); *Holler v. Commonwealth,* 220 Va. 961, 265 S.E.2d 715 (1980); Annot., 66 A.L.R.3d 902 (1975).

We have discussed the Rule 11 plea procedure and its ramifications in considerable detail in *Myers v. Frazier, supra,* and concluded in Syllabus Point 14 that, despite some federal cases to the contrary, a trial court can conditionally accept a guilty plea pending the receipt of a presentence report:

"Under Rule 11 of the West Virginia Rules of Criminal Procedure a trial court is not foreclosed from accepting a plea, which is made pursuant to a plea agreement, and conditioning its acceptance upon the receipt of a presentence report. After considering the presentence report, the trial court may reject the plea agreement, in which event it shall permit the defendant to withdraw his plea, pursuant to the procedure outlined in Rule 11(e)(4) of the West Virginia Rules of Criminal Procedure."

If the court does conditionally accept the plea, the second stage is then the sentencing hearing. As we pointed out in *Myers,* if the trial court determines, after receipt of the presentence report, that the plea bargain is inappropriate, it may reject it at this point and permit the defendant to withdraw his guilty plea.

■ Thus in our view, a trial court has two options to comply with the mandatory requirements of Rule 11(e)(2). It may initially advise the defendant at the time the guilty plea is taken that as to any recommended sentence made in connection with a plea agreement, if the court does not accept the recommended sentence, the defendant will have no right to withdraw the guilty plea. As a second option, the trial court may conditionally accept the guilty plea pending a presentence report without giving the cautionary warning required by Rule 11(e)(2). However, if it determines at the sentencing hearing not to follow the recommended sentence, it must give the defendant the right to withdraw the guilty plea. In this case, neither option was followed.

Most of the federal cases follow the remedy of permitting the defendant to plead anew. *E.g., United States v. Iaquinta, supra; United States v. Missouri Valley Constr. Co., supra; United States v. Stanton, supra.* We believe that a more practical approach is that offered in *United States v. Burruezo, supra,* where the court said the case was remanded "either [to] allow ... [the] defendant to plead anew or [to] grant specific performance so that the sentence 'comports with the reasonable understanding and expectations of the defendant as to the sentence for which he bargained.'" 704 F.2d at 39.[7]

For the foregoing reasons, we reverse the defendant's convictions and remand the case with the instruction that the defendant be given an opportunity either to plead anew or to grant specific performance so that the sentence comports with the reasonable understanding and expectations of the defendant as to the sentence for which he bargained.

Reversed and Remanded, with Directions.

---

7. In view of our disposition, we decline to address the two other points raised by the defendant, i.e., his rights under Rule 11(e)(4) on a rejected plea bargain and his right under Rule 32(d) to withdraw his plea based upon "manifest injustice." The latter rule was modified in February, 1985, to remove this term.