488 S.E.2d 400

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Alan L. STONE, Defendant Below, Appellant.**

No. 23565.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1997.

Decided March 14, 1997.

Dissenting Opinion of Justice Maynard July 16, 1997.

Darrell V. McGraw, Jr., Attorney General, Silas B. Taylor, Managing Deputy Attorney General, Sandra K. Henson, Assistant Attorney General, Charleston, for Appellee.

Robert N. Bland, Bland & Bland, Charleston, for Appellant.

PER CURIAM:

Alan L. Stone appeals the denial of his motion to reconsider the consecutive aspect of the sentences he received based on his guilty pleas in Kanawha and Putnam Counties. On appeal Mr. Stone maintains: first, the consecutive aspect of his sentences violates the plea agreement he made with the State; and, second, the circuit court erred in failing to comply with Rule 11(e) [1995] of the *West Virginia Rules of Criminal Procedure.* Although the State concedes that the procedures of Rule 11(e) were not followed, it maintains the failure was harmless. Because the harmless error rule should not be used to deprive a defendant of exercising a choice, we reverse the circuit court and remand this case for further proceedings.

I.

*Facts and Background*

On July 14, 1994, Mr. Stone was seen in Putnam County by Trooper Scott Lawrence of the West Virginia State Police. Trooper Lawrence, after receiving confirmation that there was an outstanding *capias* for Mr. Stone's arrest, followed Mr. Stone's truck, which was eventually stopped about one and a half miles into Kanawha County.[1] After Mr. Stone was arrested, Trooper Lawrence, looking through the truck's open window, saw a gun, some ammunition and a bag containing two plastic bags of some substance in

---

1. The parties disagree about several facts concerning Mr. Stone's arrest including: whether there was an outstanding warrant from Cabell County for Mr. Stone and whether information leading to Mr. Stone's arrest was received in Kanawha County.

the passenger compartment of the truck. A search of the truck also found two one-pound bags of marijuana and a shotgun.

On November 15, 1994, a Putnam County Grand Jury indicted Mr. Stone on three counts of possession with intent to deliver a controlled substance in violation of *W.Va. Code,* 60A–4–401(a) [1983]. On January 30, 1995, the circuit court held a hearing on Mr. Stone's motions to quash the indictment for lack of jurisdiction and to suppress evidence. No ruling was issued on either of Mr. Stone's motions because of Mr. Stone's subsequent guilty pleas. On February 24, 1995, Mr. Stone pled guilty in Kanawha County to violating his probation from a 1992 sentence for armed robbery and was sentenced to serve 10 years in the penitentiary. On February 28, 1995, Mr. Stone and the State entered into a plea agreement for the Putnam County incident whereby the State agreed to dismiss two counts in exchange for Mr. Stone's guilty plea to one count, possession with intent to deliver marijuana. The State also agreed to recommend that the one to five-year sentence for possession with intent to deliver run concurrently with the Kanawha County sentence.

On February 28, 1995, the Putnam County circuit court held a plea hearing in which the court explained that if the plea was accepted, the court was not bound by the State's recommended sentence. However, there is no dispute that the circuit court failed to inform Mr. Stone that he would not have a right to withdraw his plea if the circuit court rejected the recommended sentence. At the conclusion of the hearing, the circuit court accepted the plea.[2] Thereafter on March 9, 1995 Mr. Stone was sentenced to serve "not less than one year nor more than five years," and the circuit court deferred ruling on the State's recommendation and Mr. Stone's motion that his Putnam County sentence run concurrently with his ten-year sentence from Kanawha County. On May 31, 1995 at another hearing on Mr. Stone's motion for concurrent sentences, the circuit took the matter under

advisement, and on the record Mr. Stone orally waived his right to be present when the circuit court ruled.

By order entered on July 14, 1995 after Mr. Stone began serving his 10-year Kanawha County sentence, the circuit court ordered the Putnam County sentence to run consecutively to the Kanawha County sentence. After the circuit court rejected Mr. Stone's motion to reconsider,[3] Mr. Stone appealed to this Court alleging the following assignments of error: (1) Putnam County lacked jurisdiction and venue for events occurring in Kanawha County; (2) the circuit court erred in failing to follow the requirements of Rule 11(e) of *West Virginia Rules of Criminal Procedure;* (3) the circuit court erred in not having Mr. Stone present at the final sentencing hearing; (4) because the circuit court erred in failing to adopt completely the State's recommendation, the relief should be specific performance of the concurrent sentences recommendation; and (5) the stop leading to the arrest of Mr. Stone was pretextual and in violation of his Fourth Amendment Rights.

## II.

### *Discussion*

We begin by addressing the major issue in this appeal, namely the circuit court's failure to follow the procedures outlined in Rule 11(e) of the *West Virginia Rules of Criminal Procedure.* Specifically the circuit court failed to advise Mr. Stone that, even if the circuit court did not adopt the State's sentencing recommendation, he could *not* withdraw his guilty plea. Rule 11(e)(2) [1995] requires the court in certain types of plea agreements, namely, where the sentence recommendation is not binding on the court (Rule 11(e)(1)(B) [1995] ), to "advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has *no* right to withdraw the

---

2. Mr. Stone maintains that the circuit court did not accept the plea agreement during the February 28, 1995 hearing.

3. The State's brief emphasizes that neither Mr. Stone's motion to reconsider nor his supporting letter requested that Mr. Stone be allowed to withdraw his guilty plea.

plea. (emphasis added)." Rule 11(e)(2) [1995].[4]

The present case is similar to *State v. Cabell,* 176 W.Va. 272, 342 S.E.2d 240 (1986) in which we held that Rule 11(e)(2) of the *West Virginia Rules of Criminal Procedure* requires a circuit court, when accepting a defendant's guilty plea, to inform the defendant that he or she has no right to withdraw the guilty plea if the court does not accept the recommended sentence. In *Cabell,* although the circuit court explained that the court was not bound to accept the sentencing recommendation as part of the defendant's plea agreement, the court failed to inform the defendant that his plea could not be withdrawn if the court decided not to adopt the sentence recommendation. Thereafter the circuit court in *Cabell* refused to adopt the sentence recommendation and denied the defendant's motion to withdraw his guilty pleas. In this case, after the circuit court refused to adopt the sentence recommendation, the defendant, unlike *Cabell,* did not seek by motion to withdraw his plea, but rather, sought reconsideration.

In *Cabell,* we began by noting that the standards and procedures governing plea bargains are set forth in Rule 11 of the *West Virginia Rules of Criminal Procedure.* Syllabus Point 1 of *Cabell* states:

"With the advent of Rule 11 of the West Virginia Rules of Criminal Procedure, a detailed set of standards and procedures now exists governing the plea bargaining process." Syllabus Point 1, *Myers v. Frazier,* 173 W.Va. 658, 319 S.E.2d 782 (1984).

Based on the language of Rule 11 and federal and state case law[5], we found two methods of complying with the mandatory requirements of Rule 11. First, a circuit court may advise a defendant that the sentence recommendation may not be adopted, and if the recommendation is not adopted, the defendant has no right to withdraw his or her plea. The second option is to accept conditionally the plea, but if the sentence recommendation is not adopted at the sentencing hearing, the court must give the defendant the right to withdraw his or her plea. Syllabus Point 2 of *Cabell* states:

A trial court has two options to comply with the mandatory requirements of Rule

4.  Rule 11(e) [1995], *W.Va.R.Cr.P.,* provides, in pertinent part:

    Plea Agreement Procedure.—(1) In General.—The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the state will do any of the following:

    (A) Move for dismissal of other charges; or

    (B) Make a recommendation or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

    (C) Agree that a specific sentence is the appropriate disposition of the case; or

    (D) Agree not to seek additional indictments or information for other known offenses arising out of past transactions.

    The court shall not participate in any such discussions.

    (2) Notice of Such Agreement.—If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A), (C), or (D), the court may accept or reject the agree-

    ment, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. *If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea.*

    (3) Acceptance of a Plea Agreement.—If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

    (4) Rejection of a Plea Agreement.—If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if he or she persists in a plea of guilty or plea of nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement. (emphasis added).

5.  We noted in *Cabell* that Rule 11 of *W.Va.R.Cr.P.* is identical to the federal rule and we reviewed several cases dealing with the federal rule. *Cabell,* 176 W.Va. at 275–77, 342 S.E.2d at 242–44.

11(e)(2) of the West Virginia Rules of Criminal Procedure. It may initially advise the defendant at the time the guilty plea is taken that as to any recommended sentence made in connection with a plea agreement, if the court does not accept the recommended sentence, the defendant will have no right to withdraw the guilty plea. As a second option, the trial court may conditionally accept the guilty plea pending a presentence report without giving the cautionary warning required by Rule 11(e)(2). However, if it determines at the sentencing hearing not to follow the recommended sentence, it must give the defendant the right to withdraw the guilty plea.

■ In the case *sub judice*, the circuit court followed neither of these options and therefore did not comply with the mandatory requirements of Rule 11. The State acknowledges the error, but maintains that the error was harmless. Subsection h of Rule 11 provides:

> Harmless Error.—Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

The State maintains that Mr. Stone's substantial rights were not affected based on the following: (1) Mr. Stone's acknowledgment to the circuit court that he understood that the State's sentencing recommendation was not binding on the court; and (2) no indication that Mr. Stone desires to withdraw his plea. However, the State fails to address the ultimate question: Is there sufficient information in this record for this Court to conclude that if properly advised, Mr. Stone would have chosen not to withdraw his plea? Mr. Stone's understanding of the non-binding nature of the State's sentencing recommendation does not indicate that he understood he could not withdraw his plea if the recommen-

dation was not accepted. Secondly, a defendant's prayer for relief cannot be read to foreclose all lesser relief. Mr. Stone seeks what he considers to be the best case scenario and the seeking of this relief is not sufficient to determine that Mr. Stone would not have withdrawn his plea, if properly advised. Unless the factual evidence is clear that no substantial rights were disregarded, the harmless error rule of Rule 11(h) [1995] should not be applied. In this case, we find insufficient evidence to determine that Mr. Stone's substantial rights were not affected.

■ On remand, Mr. Stone maintains that the circuit court should be required to accept the State's sentencing recommendation. In *Cabell*, we noted that although "[m]ost of the federal cases follow the remedy of permitting the defendant to plead anew (citations omitted)," we found "more practical" the approach of *United States v. Burruezo*, 704 F.2d 33 (2nd Cir.1983), which remanded the case "either [to] allow ... [the] defendant to plead anew or [to] grant specific performance so that the sentence 'comports with the reasonable understanding and expectations of the defendant as to the sentence for which he bargained.' (footnote omitted)." *Cabell*, 176 W.Va. at 277, 342 S.E.2d at 244–45, *quoting*, *Burruezo*, 704 F.2d at 39. Although Mr. Stone may desire specific performance of the plea bargain, we find no compelling reason to discard the approach on remand taken by *Cabell*.[6]

Mr. Stone also assigns error to issues raised below on motions or factual arguments that could have been raised below or might be raised on remand if Mr. Stone withdraws his plea.[7] Given the posture of this case, we decline to address any of these issues.

■ In his final assignment of error, Mr. Stone maintains that the circuit court erred in not having him present when the plea agreement was turned down and his Putnam

---

**6.** Mr. Stone argues that given the facts of his arrest, the plea agreement should be specifically required. *See infra* note 7, declining to address matters not properly before this court on a plea appeal.

**7.** Mr. Stone's assignments of error include issues about jurisdiction and venue that were raised on motions but not decided by the circuit court

before Mr. Stone's plea. Mr. Stone's final assignment of error is that the stop was pre-textual and in violation of his Fourth Amendment Rights. However, Mr. Stone in his brief stated "[i]t is not proper to raise factual matters in a plea appeal." We find that these motions and factual matters are not properly before this Court and decline to address them.

County sentence was ordered to run consecutively with the Kanawha County sentence. The record indicates that Mr. Stone was present on March 9, 1995 at his original sentencing and on May 31, 1995 at the hearing on his motion for concurrent sentences, but not present on October 17, 1995 at the entry of the order denying reconsideration of Mr. Stone's motion. However, at the May 31, 1995 hearing, when the circuit court asked if Mr. Stone wished to be present when the sentencing order was entered, Mr. Stone orally waived his right to be present in order to expedite his transport to the penitentiary.

In *State v. Layton*, 189 W.Va. 470, 489, 432 S.E.2d 740, 759 (1993), we held that although Rule 43 [1995] of *West Virginia Rules of Criminal Procedure* requires the presence of a defendant at the imposition of sentence, a defendant can waive his right to be present. In this case, the record shows that Mr. Stone waived his right to be present. Although Mr. Stone's assignment of error asserts his right to be present, Mr. Stone does not discuss his waiver or any reason to disregard his waiver. Because the record shows that Mr. Stone orally waived his right to be present when the sentence order was entered, we find no merit in this assignment of error.

## III.

### *Conclusion*

Based on our discussion of Rule 11 of the *West Virginia Rules of Criminal Procedure,* we find that the circuit court failed to advise Mr. Stone that in the event the circuit court did not adopt the recommended sentence, he would not be able to withdraw his plea. Mr. Stone's other assignments are either without merit or not properly before this Court. Because of our holding that the mandatory requirements of Rule 11 were not followed, we reverse the defendant's conviction and remand the case with instruction that the defendant be given an opportunity either to plead anew or to grant specific performance so that the sentence comports with the reasonable understandings and expectations of the defendant as to the sentence for which he bargained.

Reversed and remanded, with directions.

WORKMAN, Chief Justice, concurring:

The failure of the circuit court to specifically advise the defendant that, in the event the court did not follow the sentencing recommendation, the defendant had no right to withdraw his plea, was probably harmless under all the circumstances. However, I concur with the majority in remanding on that basis only because this opinion might help apprise the circuit courts of this mandatory portion of the taking of a plea of guilt. However, I positively reject any suggestion that this defendant or any other should be entitled to receive specific performance of the plea bargain recommendation, or that the lower court should even consider that alternative unless it would comport with the judge's substantive sentencing decision. On remand, this defendant should be informed pursuant to Rule 32, *W.Va.R.Cr.P.,* of the fact that once the plea is accepted, he will have no right to withdraw it. He should then be given the option of entering the plea with that understanding, or proceeding to trial.

MAYNARD, Justice, dissenting:

I respectfully dissent because the trial judge's failure to inform the defendant that he would not have the right to withdraw his plea if the court rejected the recommended sentence is error. However, the error is clearly harmless under Rule 11(h) of the West Virginia Rules of Criminal Procedure because the trial judge did tell the defendant the court was not bound to accept the sentencing recommendation. I believe that is sufficient and is substantial compliance with Rule 11; therefore, I would let the sentence stand.

I have an additional concern. I am concerned that defendants and defense attorneys might attempt to use the majority opinion to assert that defendants have the right to compel specific performance of a recommended sentence as part of a plea bargain.

Any such rule would improperly interfere with the discretion of trial judges to impose sentencing. My position will always be that this discretion should rest solely with trial judges.