541 S.E.2d 603

STATE of West Virginia, Plaintiff Below, Appellee,

v.

Lorenza Damon VALENTINE, Defendant Below, Appellant.

No. 27618.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2000.

Decided Nov. 8, 2000.

Concurring Opinion of Justice Starcher Jan. 5, 2001.

William Flanigan, Esq., Sanders, Austin, Swope & Flanigan, Princeton, West Virginia, Attorney for the Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Allen H. Loughry, II, Esq., Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellee.

MAYNARD, Chief Justice:

This case is before this Court upon appeal of a final order of the Circuit Court of Mercer County entered on November 8, 1999. In that order, the appellant and defendant below, Lorenza Damon Valentine, was sentenced to a determinate term of fifteen years in the state penitentiary following a plea of guilty to the offense of voluntary manslaughter. On appeal, the appellant contends the circuit court erred by not informing him that pursuant to Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure, he could not withdraw his plea after it was accepted, even if the court imposed a sentence in excess of the term proposed in his plea agreement with the State.

This Court has before it the petition for appeal, the entire record, and the briefs of counsel. For the reasons set forth below, the appellant's conviction is affirmed.

## I.

On March 27, 1998, the appellant and three of his friends went to the Hardy Street Re- creational Center in Bluefield, West Virginia, to confront a gang of young men who had severely beaten one of the appellant's friends the previous day. As soon as the appellant and his friends arrived at the Center, gunfire erupted, and Lowell Brown, an innocent bystander, was fatally shot in the back.

The next day, the appellant informed the police that he was at the scene of the shooting. He gave a statement detailing his movements that night and provided the shotgun he had in his possession at the time of the shooting. The police determined that the shotgun had been loaded with "bird shot" and had been discharged once in the air. In fact, there was some evidence that indicated that the appellant may have fired the first shot that evening. However, the bullet that killed Mr. Brown was fired from a pistol.

Subsequently, the appellant and two of his friends were charged with second degree murder. All three entered into plea agreements with the State. The appellant's agreement with the State provided that he would plead guilty to voluntary manslaughter, and in exchange, the State would not object to the court imposing a three-year sentence. However, the agreement provided that the State would otherwise stand silent on sentencing.

The circuit court accepted the appellant's plea on June 5, 1998, and scheduled a sentencing hearing for August 24, 1998. The sentencing hearing was later rescheduled for December 18, 1998. In the meantime, the appellant wrote a letter to the circuit court, *pro se*,[1] requesting that he be allowed to withdraw his plea because he believed that he was not guilty since he had not actually fired the bullet that struck Mr. Brown. The appellant's letter was followed by a formal motion to withdraw his plea filed by the appellant's trial counsel. At the sentencing hearing, the circuit court denied the appellant's motion to withdraw his plea and proceeded to sentence the appellant to a definite term of confinement of fifteen years in the state penitentiary for his role in the death of Mr. Brown. This appeal followed.

---

1. The appellant was represented by counsel at this time.

## II.

■ The appellant contends that the circuit court committed reversible error by failing to advise him in accordance with Rule 11(e) of the West Virginia Rules of Criminal Procedure that his plea could not be withdrawn after it was accepted, even if the circuit court rejected his request for a three-year sentence. In response, the State asserts that the record shows that the appellant understood the provisions of Rule 11. The State further argues that even if the circuit court did not comply with the precise requirements of Rule 11(e), the error was harmless.

■ As discussed above, the appellant entered into an agreement with the State pursuant to Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure whereby the appellant agreed to plead guilty to voluntary manslaughter, and the State agreed not to oppose the appellant's request for a three-year sentence. In these circumstances, Rule 11(e)(2) requires that "the court shall advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea." This Court has held that,

> A trial court has two options to comply with the mandatory requirements of Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure. It may initially advise the defendant at the time the guilty plea is taken that as to any recommended sentence made in connection with a plea agreement, if the court does not accept the recommended sentence, the defendant will have no right to withdraw the guilty plea. As a second option, the trial court may conditionally accept the guilty plea pending a presentence report without giving the cautionary warning required by Rule 11(e)(2). However, if it determines at the sentencing hearing not to follow the recommended sentence, it must give the defendant the right to withdraw the guilty plea.

Syllabus Point 2, *State v. Cabell,* 176 W.Va. 272, 342 S.E.2d 240 (1986).

**2.** Rule 11(h) of the West Virginia Rules of Criminal Procedure provides:

*Cabell* was the first case in which this Court addressed the requirement of Rule 11(e)(2). In that case, we noted that our Rule 11(e)(2) is identical to the corresponding federal rule. Following federal case law, specifically *United States v. Iaquinta,* 719 F.2d 83 (4th Cir.1983), this Court reversed the defendant's conviction in *Cabell* because the circuit court failed to inform the defendant that he did not have the right to withdraw his plea after it was accepted, even if the circuit court rejected the terms of his plea agreement.

The same analysis was utilized in *State v. Stone,* 200 W.Va. 125, 488 S.E.2d 400 (1997). However, in *Stone,* this Court also considered whether the failure to give the Rule 11(e)(2) admonition could be considered harmless error. Ultimately, this Court stated that "[u]nless the factual evidence is clear that no substantial rights were disregarded, the harmless error rule of Rule 11(h) [1995] [2] should not be applied." *Stone,* 200 W.Va. at 129, 488 S.E.2d at 404. In *Stone,* this Court concluded that the evidence was insufficient to determine that the defendant's substantial rights were not affected. However, in the case *sub judice,* we do not reach the same conclusion.

The record shows that the appellant and his two co-defendants appeared before the circuit court on June 5, 1998, to enter guilty pleas to voluntary manslaughter. Although the circuit court sometimes addressed all three defendants collectively, it also engaged in individual colloquies with each defendant. Before accepting the appellant's plea, the circuit court questioned the appellant as follows:

> THE COURT: Okay, Mr. Valentine, it says here that you are going to plead guilty to voluntary manslaughter, is that correct?
>
> MR. VALENTINE: Yes, sir.
>
> THE COURT: It also says that you are going to be cooperative with the authorities?
>
> MR. VALENTINE: Yes, sir.

*Harmless error.*—Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

THE COURT: It says here that the State will not present any information about the presentment of a firearm, is that correct?

MR. VALENTINE: Yes, sir.

THE COURT: It also says that the plea will be void in the event that you do not cooperate with the authorities?

MR. VALENTINE: Yes, sir.

THE COURT: Did anybody force you or threaten you to make you enter into this plea?

MR. VALENTINE: No sir.

THE COURT: Did anybody promise you that I would give you probation?

MR. VALENTINE: No, sir.

THE COURT: Do you understand that I could give you the full sentence in this case?

MR. VALENTINE: Yes, sir.

Later in the proceedings, the court addressed all three defendants and stated:

THE COURT: Now, do all of you understand that I could give you 15 years in this case, 3 to 15 years, which means that you would have to serve at least 3 years. Do each of you understand that?

(DEFENDANTS ANSWERED IN THE AFFIRMATIVE).

The Court next asked the defendants to complete a form titled Defendant's Statement in Support of the Guilty Plea. In addition to advising the appellant that he was obligated to disclose to the court all facts and circumstances bearing upon the voluntariness of his plea, question number 70 on the form asked, "Do you know and understand that your decision to plead guilty is final and that your plea may not be withdrawn for any reason after it is accepted?" The appellant answered "yes" to this question. When asked about his understanding of this form, the appellant responded that he had completed the form himself and that his attorney was able to answer any questions he had about the form. The appellant indicated that he had no questions to ask the court about the form. Thereafter, the appellant pled guilty to voluntary manslaughter, and the circuit court accepted the plea.

■ Based upon this record, we believe that the circuit court's failure to comply with the precise requirement of Rule 11(e)(2), must be deemed harmless error. As noted above, we indicated in *Stone, supra,* that the harmless error rule of Rule 11(h) should be applied when the factual evidence is clear that no substantial rights of the defendant were disregarded. Our conclusion in this regard is supported by several federal court decisions. Since *Iaquinta, supra,* was decided, several United States Courts of Appeals have adopted a harmless error analysis with respect to the omission of the Rule 11(e)(2) admonition. *United States v. Noriega–Millan,* 110 F.3d 162 (1st Cir.1997); *United States v. McCarthy,* 97 F.3d 1562 (8th Cir. 1996); *United States v. Martinez–Martinez,* 69 F.3d 1215 (1st Cir.1995); *United States v. Diaz–Vargas,* 35 F.3d 1221 (7th Cir.1994); *United States v. Thibodeaux,* 811 F.2d 847 (5th Cir.1987); *United States v. de le Puente,* 755 F.2d 313 (3rd Cir.1985). Generally, these courts have held that the omission of the statement required by Rule 11(e)(2) must be deemed harmless error unless there is some realistic likelihood that the defendant labored under the misapprehension that his plea could be withdrawn. *Id.*[3]

In this case, the appellant was clearly advised that he could not withdraw his plea for any reason once it was accepted. In addition, the circuit court made sure that the appellant's plea was voluntary and that he knew that the court was not bound by the terms of the plea agreement and could impose a sentence of three to fifteen years. Moreover, the appellant does not contend that he was under the impression that he could withdraw his plea if the judge did not accept the terms of the plea agreement. While it is true that the appellant attempted to withdraw his plea prior to his sentencing hearing, all of the evidence in the record indicates that the appellant's reason for requesting that his plea be withdrawn at that

---

**3.** It was observed in *United States v. de le Puente,* 755 F.2d 313, 315 (3rd Cir.1985), that "[t]he *Iaquinta* court did not refer to Rule 11(h), although this amendment was in effect at the time of the decision, probably because it was not in effect on the date of the Rule 11 proceeding in the district court."

time was because he believed he was innocent since he did not fire the shot that resulted in the death of Mr. Brown.[4] There is nothing in the record that suggests that the appellant believed he could withdraw his plea if he was sentenced to more than three years in prison.

While we think the best approach for a judge is to adhere to the strict requirements of Rule 11 and we advise our circuit courts to do so, like the federal courts, we refuse to exalt form over substance in Rule 11 hearings. *Thibodeaux*, 811 F.2d at 848. Because the evidence shows that appellant's substantial rights were not affected, we find that the circuit court committed no reversible error by failing to follow Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure in this case. Therefore, the final order of the Circuit Court of Mercer County entered on November 8, 1999, is affirmed.

Affirmed.

Justice McGRAW concurs.

STARCHER, Justice, concurring:

(Filed Jan. 5, 2001)

The defendant in June of 1998 pled guilty to a charge of killing someone—even though the defendant did not actually shoot the victim. The judge did not give the proper cautionary warning—but it is clear that the defendant knew that he would not be allowed to withdraw the plea, once he had entered it. Three months later, in September of 1998, well before the sentencing, the defendant wanted to change his mind and asked the court to let him withdraw his plea. The trial judge properly exercised his discretion and denied this request. (The judge also could have granted the request—I probably would have allowed the withdrawal.)

Because of what I see happening on a too-regular basis on this Court, I write separately to emphasize that there is a substantial body of case law to the effect that finding harmless error is not automatic in these situations. *See, e.g., United States v. Ferrara*, 954 F.2d 103 (2d Cir.1992) (from the record the court concluded it was apparent that the

defendant was confused and the omission of the warning that his plea could not be withdrawn added to the confusion; the court found reversible error); *United States v. Iaquinta*, 719 F.2d 83, 85 (4th Cir.1983) (the court found that merely informing the defendant that the court is not bound by a recommendation or request is not sufficient warning when the district court never attempted to ascertain by any means the defendant understood he had no right to withdraw his plea); *United States v. DeBusk*, 976 F.2d 300, 306–07 (6th Cir.1992) (the record evidenced considerable confusion misleading the defendant on the consequences of the plea, strict adherence to the rule could have cured confusion, therefore failure to give warning the plea could not be withdrawn was not harmless); *United States v. Graibe*, 946 F.2d 1428, 1433 (9th Cir.1991) (the court must look to the record to determine what defendant actually knew at time of plea hearing, and omission may be harmless if record shows that defendant knew he would be bound by his plea regardless sof length of sentence imposed); *United States v. Theron*, 849 F.2d 477 (10th Cir.1988) (not harmless error because district court never attempted to ascertain by any means whether the defendants understood that they wee without the right to withdraw plea).

These cases were commendably brought to this Court's attention by counsel for the state. As these cases show, the law is clear that whenever there are reasonable grounds to believe that a defendant didn't fully understand when he pled guilty that he could not withdraw the plea, he must be allowed to do so.

---

4. We note that the circuit court addressed the appellant's request to withdraw his plea at the

sentencing hearing. The circuit court's ruling in that regard is not an issue in this appeal.