## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Timothy M.,**
**Petitioner Below, Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1331** (Gilmer County 01-C-09)

**David Ballard, Warden, Mount Olive**
**Correctional Complex, Respondent Below,**
**Respondent**

### MEMORANDUM DECISION

Petitioner Timothy M.'s appeal, filed by counsel Steven B. Nanners, arises from the Circuit Court of Gilmer County, which denied petitioner post-conviction habeas corpus relief by order entered on January 18, 2005.[1] Respondent David Ballard, Warden, by counsel Laura Young, filed a response. On appeal, petitioner argues that he is entitled to habeas release due to the trial court's errors at his plea hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1998, petitioner pled guilty to various sexual offenses, for which he was sentenced to serve twenty to fifty-five years in prison. He thereafter filed for post-conviction habeas corpus relief, which the circuit court denied in 2005. In October of 2012, the circuit court granted petitioner additional time to appeal the habeas order. Subsequently, petitioner brought this appeal challenging the circuit court's order denying habeas corpus relief.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

---

[1]Because the underlying criminal matter involves sensitive facts in which the minor victim was related to petitioner, we have redacted petitioner's last name to protect the victim's identity. *See State v. Edward Charles L.,* 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner re-asserts one of the same arguments he raised before the circuit court: The circuit court's decision should be reversed because the trial court did not comply with Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure when it did not inform petitioner that he could not withdraw his guilty plea if the trial court did not follow the State's sentencing recommendations.[2] The State had recommended concurrent sentencing; however, the trial court ultimately sentenced petitioner to consecutive sentences. Petitioner argues that this omission was not harmless error because he believed that his sentence was to be consistent with the State's recommendations and that he functioned at a limited intellectual level. Accordingly, petitioner argues that the circuit court order should be reversed and that his sentence should be remanded for concurrent sentencing or, alternatively, he should be permitted to withdraw his plea.

Upon our review of the record and the briefs on appeal, we find no error or abuse of discretion by the circuit court. The sole issue petitioner raises on appeal was addressed and discussed by the circuit court in its order denying petitioner post-conviction habeas corpus relief. Further, petitioner has not provided any evidence that would indicate any confusion he may have had at the proceedings or any indication that he may have contemplated withdrawing his plea. The trial court clearly explained to petitioner that it was not bound by the State's recommendation and that it had the authority to impose consecutive sentencing. Petitioner expressed neither confusion nor a resistance to move forward with his plea, regardless of the possibility of receiving consecutive sentences. Given these circumstances, the trial court's omission of the Rule 11(e)(2) provision was harmless error. *See* Syl. Pt. 3, *State v. Valentine*, 208

---

[2] Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure states as follows:

> *Notice of such agreement.* -- If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A), (C), or (D), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea.

We further observe that subsection (h) of this rule provides as follows: "**Harmless error.** Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."

W.Va. 513, 541 S.E.2d 603 (2000) ("The omission of the statement required by Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure must be deemed harmless error unless there is some realistic likelihood that the defendant labored under the misapprehension that his plea could be withdrawn.")

Having reviewed the circuit court's "Findings of Fact [and] Conclusions of Law and Final Order," entered on January 18, 2005, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignment of error raised in this appeal.[3] The Clerk is directed to attach a copy of the circuit court's opinion letter and order to this memorandum decision.[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]Specifically, the circuit court addresses petitioner's argument on pages eight through eleven of the attached circuit court order.

[4]Consistent with the first footnote of this Memorandum Decision, we have redacted the circuit court's order to protect the victim's identification, using only an initial for petitioner's last name and using only initials to reference any other family members.