# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 15-0265** (Raleigh County 14-IF-131-B)

**Ryan Bayne-Durgan, Defendant Below,
Petitioner**

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ryan Bayne-Durgan, by counsel David Kirkpatrick, appeals the Circuit Court of Raleigh County's February 3, 2015, order resentencing him to consecutive terms of incarceration of one to five years for his conviction of unlawful assault and one to ten years for his conviction of grand larceny. The State, by counsel Jonathan Porter, filed a response. On appeal, petitioner alleges that the circuit court erred in failing to advise petitioner that he would not be able to withdraw his plea if the circuit court did not accept the proposed sentence, that counsel failed to effectively advise him regarding his ability to withdraw his plea, and that counsel failed to move for the presiding judge's recusal below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2013, petitioner was indicted on one count of daytime burglary. Thereafter, in February of 2014, petitioner was indicted on one count of felony destruction of property, one count of domestic assault, one count of domestic battery, one count of assault, and one count of battery. After negotiations, the parties agreed to a global plea agreement whereby petitioner would enter a guilty plea to one count of unlawful assault and a *Kennedy* plea to one count of grand larceny.[1] Pursuant to the agreement, the remaining charges would be dismissed. Further, the State agreed to a sentencing recommendation of one to five years for the charge of unlawful assault and probation or a concurrent sentence of one to ten years on the larceny charge. This plea agreement was originally entered into pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure.

The circuit court held a plea hearing in June of 2014, during which petitioner's counsel addressed an apparent disagreement over the plea agreement's terms and indicated that only the

---

[1] *See Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

1

grand larceny charge was covered by Rule 11(e)(1)(C), while the unlawful assault charge was subject to Rule 11(e)(1)(B). Upon further discussions at the plea hearing, the circuit court indicated that it believed the entire plea agreement would need to be submitted pursuant to Rule 11(e)(1)(B) because it did not agree with the sentencing structure without first reviewing petitioner's presentence investigation report. Petitioner offered no objection to this change and, in fact, the parties agreed to the same. Immediately after this change was made, the circuit court offered petitioner the opportunity to withdraw his plea entirely, and petitioner declined. Further, at multiple points during the plea hearing, the circuit court cautioned petitioner that it would not be bound by the sentencing recommendations in the plea agreement and presented petitioner with opportunities to either negotiate a different plea agreement or go to trial. Petitioner rejected these opportunities and chose to proceed with the plea agreement.

In August of 2014, the circuit court held a sentencing hearing and sentenced petitioner to a term of incarceration of one to five years for his conviction of unlawful assault and one to ten years for his conviction of grand larceny, said sentences to run consecutively. Thereafter, petitioner filed a motion for reconsideration of sentence, which the circuit court held a hearing on and ultimately denied. Petitioner's trial counsel also moved to withdraw, and the circuit court granted that motion. In February of 2015, the circuit court resentenced petitioner for purposes of appeal. It is from the sentencing order that petitioner appeals.

We have previously held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). This Court has also stated that a circuit court's final order and ultimate disposition are reviewed under the abuse of discretion standard. Syl. Pt. 1, *State ex rel. Hechler v. Christian Action Network*, 201 W.Va. 71, 491 S.E.2d 618 (1997).

To begin, the Court notes that, to the extent petitioner argues that the circuit court erred in requiring the parties to restructure their plea agreement under the terms of Rule 11(e)(1)(B), we decline to address this issue on appeal. Petitioner includes in his first assignment of error an allegation that the circuit court erred in "unnecessarily forcing the State and the [petitioner] to transmute their . . . plea into a Rule 11(e)(1)(B)" plea. However, petitioner goes on to state that the parties voluntarily agreed to revise the plea agreement and even plainly states that the circuit court's action in this regard was permissible. For these reasons, we decline to address any alleged error in this regard, given petitioner's willful renegotiation of the plea agreement and his admission that the circuit court was permitted to take this action.

Further, we decline to address two of petitioner's remaining assignments of error regarding allegedly ineffective representation by his prior trial counsel. Specifically, petitioner alleges that counsel erred in failing to advise him that he would not be allowed to withdraw his plea and in failing to move for the presiding judge's recusal. We have previously held that

> "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding

2

ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 13, *State v. Jessie*, 225 W.Va. 21, 689 S.E.2d 21 (2009). Based upon our review of the record, the Court finds that the record on appeal is not fully developed on this issue. Moreover, petitioner admits on appeal that "the record is currently silent on whether [the presiding judge] was unduly prejudiced against [petitioner]." For these reasons, we decline to address these errors.

Finally, the Court finds no error in the circuit court's alleged failure to instruct petitioner as to his inability to withdraw his plea should the recommended sentence not be accepted. We have previously held that

> "[a] trial court has two options to comply with the mandatory requirements of Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure. It may initially advise the defendant at the time the guilty plea is taken that as to any recommended sentence made in connection with a plea agreement, if the court does not accept the recommended sentence, the defendant will have no right to withdraw the guilty plea. As a second option, the trial court may conditionally accept the guilty plea pending a presentence report without giving the cautionary warning required by Rule 11(e)(2). However, if it determines at the sentencing hearing not to follow the recommended sentence, it must give the defendant the right to withdraw the guilty plea." Syllabus Point 2, *State v. Cabell*, 176 W.Va. 272, 342 S.E.2d 240 (1986).

Syl. Pt. 1, *State v. Valentine*, 208 W.Va. 513, 541 S.E.2d 603 (2000). We have also held that "[t]he omission of the statement required by Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure must be deemed harmless error unless there is some realistic likelihood that the defendant labored under the misapprehension that his plea could be withdrawn." *Valentine* at 514, 541 S.E.2d at 604, syl. pt. 3.

In this matter, the record shows that there was no realistic likelihood that petitioner could have labored under the misapprehension that his pleas could be withdrawn if the circuit court did not impose the recommended sentence. The circuit court made clear that it would not be bound by the proposed sentencing structure, as it needed a presentence investigation report to make a determination as to sentence. The circuit court was also clear that if petitioner proceeded on his pleas that he would be convicted upon them, to which petitioner indicated his understanding. Finally, the circuit court gave petitioner an additional opportunity to change his mind by explaining that if the plea hearing proceeded, petitioner would be bound by the pleas and subject to the punishments prescribed by law. Petitioner then indicated that he wished to proceed.

On appeal, petitioner relies heavily on our prior decision in *State v. Griffy*, 229 W.Va. 171, 727 S.E.2d 847 (2012). However, the Court notes that petitioner's reliance on that decision is misplaced, as it is factually dissimilar from the matter on appeal. In *Griffy*, we found that the

circuit court did not make clear to the defendant whether his was a binding or non-binding plea agreement, as the circuit court indicated only that it would consider the issue and held no further discussion on the matter. *Id.* at 178-79, 727 S.E.2d at 854-55. Additionally, the evidence indicated that the defendant in *Griffy* believed that his was a binding plea agreement. *Id.* On the contrary, petitioner herein, understood that his plea was non-binding and even actively approved its restructuring at the plea hearing. As such, we find that the evidence does not establish that petitioner labored under a belief that his plea could be withdrawn and, as such, find no error below.

For the foregoing reasons, the circuit court's February 3, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: **March 7, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4