**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-1039** (Jackson County CC-18-2018-F-75)

**Billy Joe McFarland Jr.,**
**Defendant Below, Petitioner**


**MEMORANDUM DECISION**


Petitioner Billy Joe McFarland Jr., by counsel Anna L. Butcher, appeals the November 24, 2020, order of the Circuit Court of Jackson County sentencing petitioner to a life term of incarceration without the possibility for parole for his conviction of one count of kidnapping. The State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 26, 2018, petitioner was indicted on one count of kidnapping, two counts of attempted murder, two counts of wanton endangerment involving a firearm, and one count of a domestic battery in the Circuit Court of Jackson County. Petitioner entered into a plea agreement with the State of West Virginia in September of 2020. He agreed to plead guilty to one count of kidnapping in exchange for the State dismissing the remaining charges in the indictment and recommending that petitioner receive a life sentence with the opportunity for parole (or a life sentence "with mercy"). The plea agreement informed petitioner that his plea exposed him to a

potential life term of incarceration without the possibility of parole. *See* W. Va. Code § 61-2-14a.[1] The agreement also set forth that petitioner may be granted mercy by the circuit court but that petitioner "ha[d] been advised that it will be solely in the discretion of the [circuit c]ourt if [petitioner] receives mercy." The agreement repeatedly provided that petitioner's ultimate sentence was left to the discretion of the court.

Petitioner appeared before the circuit court in September of 2020 and presented a written plea of guilty to one count of kidnapping. Prior to the acceptance of petitioner's plea, the circuit court engaged petitioner in a plea colloquy. Petitioner testified that he understood the terms of his plea agreement and that any questions he had regarding the agreement had been answered by his counsel. The court inquired, "[I]t's my understanding that this was one of the few instances in this state which is considered capital insofar as mercy or no mercy being granted. Do you understand that that would be a decision that has to fall upon the Court?" Petitioner responded, "Yes, ma'am. I am fully aware." The court explained again that it would hear arguments for sentencing and "ultimately, the [circuit c]ourt has to make a decision at sentencing and you do understand that, correct?" to which petitioner again answered, "Yes, ma'am."

Petitioner's counsel also questioned petitioner regarding his understanding of the plea agreement, and petitioner specifically stated that he understood that he would "be subject to the maximum sentence provided by law upon this plea of guilty alone without further proceedings." Following this testimony, petitioner stated that he understood that by entering his plea of guilty to one count of kidnapping he would be "stuck with that conviction without any recourse or ability to come back to the [c]ourt later to withdraw the terms of the guilty plea agreement or to withdraw the guilty plea." After this extensive colloquy, petitioner entered his guilty plea to one count of kidnapping. Following the acceptance of petitioner's plea, the circuit court provisionally accepted his guilty plea and referred the matter to probation for an investigation as to sentencing.

The circuit court convened for a sentencing hearing in November of 2020. Petitioner moved for a life term of incarceration with the possibility for parole and presented the testimony of two witnesses, as well as his own statement. Petitioner's ex-wife (the kidnapping victim) provided a statement in opposition to petitioner's request for mercy.[2] The State recommended petitioner receive mercy, as provided in the plea agreement.

---

[1]An individual found guilty of kidnapping "is guilty of a felony and, upon conviction thereof, shall be punished by imprisonment by the Division of Corrections and Rehabilitation for life, and, notwithstanding the provisions of § 62-12-1 *et seq.* of this code, is not eligible for parole." W. Va. Code § 61-2-14a.

[2]Petitioner's ex-wife, Ms. McFarland, explained how petitioner held her at gunpoint in a locked car. She stated that she begged and pleaded with him to let her out of the vehicle, which he refused. Ms. McFarland explained that she believed she would die that day and only saved herself by jumping from the vehicle while it was still in motion. She stated, "If I hadn't done this, I wouldn't be sitting here today." Ms. McFarland expressed that she was traumatized by the events, that she continued to have nightmares, and she would never "get over what he [has] done to me." She concluded, asking the circuit court to impose a life sentence without mercy.

2

Thereafter, the circuit court unconditionally approved the plea agreement and proceeded to sentencing. The court ultimately imposed a life term of incarceration without the possibility of parole. The court reasoned that petitioner's crime was violent and very serious and that he had greatly benefited from the plea agreement. The circuit court's November 24, 2020, order memorialized its decision. Petitioner now appeals that order.

On appeal, petitioner argues that the circuit court erred in failing to comply with the mandatory requirements of Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure. Rule 11(e)(2) requires the following:

> If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A), (C), or (D), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea.

Notably, petitioner's plea agreement was the type specified in Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure, as the State made a non-binding recommendation for petitioner's sentence to the circuit court. *See* Rule 11(e)(1)(B). Petitioner argues that although he was advised by the circuit court that sentencing would be at its discretion, he was not made aware in open court that if the court decided to go against the recommendation of the State, the plea may not be withdrawn once it is entered. Further, petitioner argues that if a circuit court accepts a plea provisionally, as was the case here, and the sentence is not approved at the sentencing hearing, "the court must give the defendant the right to withdraw his or her plea." *State v. Stone*, 200 W. Va. 125, 129, 488 S.E.2d 400, 404 (1997) (citing Syl. Pt. 2, *State v. Cabell*, 176 W. Va. 272, 342 S.E.2d 240 (1986)). Finally, petitioner argues that his rights have been substantially disregarded because he is now facing a life term of incarceration without the possibility of parole without being given the information or opportunity to withdraw his plea as required by the foregoing rules. The State argues that any error in the circuit court was harmless pursuant to Rule 11(h) of the West Virginia Rules of Criminal Procedure and this Court's holdings in *State v. Valentine*, 208 W. Va. 513, 541 S.E.2d 603 (2000).

Rule 11(h) provides that "[a]ny variance from the procedure required by [Rule 11] which does not affect substantial rights shall be disregard." We reiterated this in syllabus point 2 of *Valentine*, holding that "[t]he harmless error rule of Rule 11(h) of the West Virginia Rules of Criminal Procedure should be applied when the factual evidence is clear that no substantial rights of the defendant were disregarded." 208 W. Va. at 514, 541 S.E.2d at 604. Finally, and most specific to the facts of this case, we held that "[t]he omission of the statement required by Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure must be deemed harmless error unless

there is some realistic likelihood that the defendant labored under the misapprehension that his plea could be withdrawn." *Id*, Syl. Pt. 3.

Under the circumstances presented here, we agree with the State that the circuit court's omission of the Rule 11(e)(2) provision is harmless. The plea agreement provided, three times, that sentencing would be left to the discretion of the circuit court. Then, the circuit court informed petitioner on multiple occasions during his plea colloquy that it would exercise its discretion in imposing his sentence, despite the State's recommendation. Furthermore, the court informed petitioner that if he pled guilty to kidnapping, he would "be stuck with that conviction without any recourse or ability to come back to the [c]ourt later to withdraw the terms of the guilty plea agreement or to withdraw the guilty plea," which petitioner stated he understood.

Notably, petitioner does not argue that he was under the mistaken impression that he could withdraw his plea if the circuit court did not abide by the State's recommendation. His blanket statement that his "rights have been disregarded" is only supported by his assertion that the circuit court is required to provide the Rule 11(e)(2) provision and now, having not been informed to the letter of the Rule, he stands sentenced to a life sentence without parole. However, just as in *Valentine*, "we refuse to exalt form over substance in Rule 11 hearings." *Valentine*, 208 W. Va. at 517, 541 S.E.2d at 607. There is no indication in the record that petitioner "labored under the misapprehension that his plea could be withdrawn," and we, therefore, find that the circuit court's omission of the Rule 11 provision is harmless. *Id*.

For the foregoing reasons, we find no error in the circuit court's November 24, 2020, order.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment