**FILED**
**August 31, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0492** (Kanawha County 17-F-266)

**Benjamin A. Harrison,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Benjamin A. Harrison, by counsel Edward L. Bullman, appeals the May 24, 2021, order of the Circuit Court of Kanawha County resentencing petitioner to a term of three to fifteen years of incarceration for one count of driving under the influence ("DUI") causing death and a term of two to ten years of incarceration for his conviction of DUI causing serious bodily injury. The State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in failing to comply with the mandatory requirements of Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following his indictment on one count of DUI causing death and one count of DUI causing serious bodily injury in the Circuit Court of Kanawha County, petitioner entered into a plea agreement with the State of West Virginia in March of 2018. In exchange for the State dismissing pending charges from other indictments, petitioner agreed to plead guilty to the two counts in the indictment at issue. The terms of the plea agreement also set forth that, while both the State and petitioner would be free to argue as to sentencing, the State agreed to recommend that the sentence imposed for both of petitioner's felony convictions be run concurrently. However, the agreement provided that petitioner's ultimate sentence was left to the discretion of the court.

1

Petitioner appeared before the circuit court in May of 2018 and presented a written plea of guilty to one count of DUI causing death and one count of DUI causing serious bodily injury. The circuit court engaged petitioner in a plea colloquy, during which petitioner indicated that he understood "perfectly" the nature and extent of the charges set forth in the plea agreement, that he understood the maximum possible sentences, that he reviewed the plea agreement in its entirety with his counsel and understood the terms, that he understood that both he and the State would be free to recommend whatever sentence they deemed appropriate, and that the State would recommend concurrent sentencing.

Petitioner also acknowledged that, by signing the written plea of guilty, he understood all of his rights, including those he was waving, and that he was entering into the agreement freely, knowingly, and intelligently. As to sentencing, petitioner acknowledged that:

> Having read and understood my foregoing rights and further understanding that any plea bargaining which appears in the record of this case is not binding upon the [c]ourt with respect to punishment or probation, and understanding that in the event I should plead guilty to the felony offense of DUI Causing Death and DUI Causing Serious Bodily Injury that I could be sentenced as follows:
>
> **COUNT ONE:** to penitentiary of this State for not less than three (3) nor more than fifteen (15) years and shall be fined not less than one thousand dollars ($1,000.00) nor more than three thousand dolla[r]s ($3,000.00);
>
> **COUNT TWO**: to penitentiary of this State for not less than two (2) nor more than ten (10) years and shall be fined not less than one thousand dollars ($1,000.00) nor more than three thousand dolla[r]s ($3,000.00), it is still my intention and desire to enter pleas of guilty.

Consistent with the plea agreement and the parties' proffer of its terms, the court found in its entry of plea order that "any plea bargaining that appears in the record of this case is not binding upon this [c]ourt with respect to punishment or probation." After this extensive colloquy, petitioner entered his guilty plea to one count of DUI causing death and one count of DUI causing serious bodily injury.

The circuit court convened for a sentencing hearing later in May of 2018. Petitioner moved for a term of home incarceration. The State argued that petitioner had been "partying all day long" on the day of the incident and that he was "intentionally speeding while drunk" when the incident occurred. The State also noted that after the incident, petitioner asked those who stopped to help to "not call the police" despite the fact that his friend, a passenger in the vehicle, was either dying or dead. The State further noted that petitioner initially lied to law enforcement officers and told them that he was not the driver of the vehicle. Family members of the decedent and the surviving passenger of petitioner's vehicle also addressed the court.

Thereafter, the court imposed a sentence of not less than three nor more than fifteen years of incarceration, with credit for time served, for his conviction of DUI causing death; and not less than two nor more than ten years for his conviction of DUI causing serious bodily injury. The court ordered the sentences to run consecutively.[1]

In September of 2018, petitioner filed a motion for reconsideration of sentence, requesting the circuit court modify its sentence to permit him to attend the Anthony Correctional Center for Youthful Offenders. Later that month, the court issued an order denying petitioner's motion without a hearing.

In October of 2019, petitioner, self-represented, filed a petition for writ of habeas corpus in the circuit court. Petitioner alleged that his trial counsel provided ineffective assistance, that he was denied the right to a direct appeal, and that his sentence was unconstitutionally disproportionate. Petitioner alleged in his petition that he "was assured if he t[ook] the plea, his sentences would run concurrent, [and] they were ran consecutive." Petitioner also alleged that he was induced to accept a "guilty plea that was not in his absolute best interest." Petitioner further alleged his counsel failed to assist him in fully understanding the "consequences and ramifications of exactly what he was agreeing to plead guilty to." Later that month, the court denied the petition without a hearing.

Petitioner appealed the circuit court's order denying his petition for a writ of habeas corpus, but this Court reversed the circuit court's order and directed that an order be entered with the appropriate findings of fact and conclusions of law detailing the reason for its decision. *Harrison v. Straughn*, No. 19-1071, 2021 WL 357882 (W. Va. Feb 2, 2021)(memorandum decision). This Court further directed that, if it was necessary, the circuit court should convene a hearing in order to determine whether petitioner requested his trial counsel to file an appeal, and, if so, to resentence petitioner to restart the four-month timeframe to file an appeal.

In May of 2021, the circuit court held a hearing and concluded that petitioner had requested his previous counsel file an appeal of his sentence, and, thus, resentenced petitioner and appointed appellate counsel. Petitioner was resentenced on May 21, 2021, so that his newly appointed counsel could file an appeal on petitioner's behalf. The circuit court's May 24, 2021, order, memorialized its decision. Petitioner now appeals that order.

On appeal, petitioner argues that the circuit court erred in failing to comply with the mandatory requirements of Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure, which requires the following:

---

[1] An individual found guilty of DUI causing death "is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than three nor more than 15 years." W. Va. Code § 17C-5-2(b). Additionally, an individual found guilty of DUI causing serious bodily injury "is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than two nor more than 10 years." W. Va. Code § 17C-5-2(c).

3

If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A), (C), or (D), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea.

Notably, petitioner's plea agreement was the type specified in Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure, as the State made a non-binding recommendation for petitioner's sentence to the circuit court. *See* W. Va. R. Crim. P. 11(e)(1)(B). Petitioner argues that although he was advised by the circuit court that sentencing would be at its discretion, he was not made aware in open court that if the court decided to go against the recommendation of the State, the plea may not be withdrawn once it is entered. He argues this is a violation of prior precedents. *See* Syl. Pt. 2, *State v. Cabell*, 176 W. Va. 272, 342 S.E.2d 240 (1986) (holding that circuit courts must "comply with the mandatory requirements of Rule 11(e)(2)"); *State v. Stone*, 200 W. Va. 125, 488 S.E.2d 400 (1997) (holding that the harmless error test applied to Rule 11(e)(2) violations); and *United States v. Iaquinta*, 719 F.2d 83, 85 (4th Cir. 1983) (reversing a conviction for failure to comply with Fed. R. Crim. P. 11(e)(2)). Finally, petitioner argues that his rights were substantially disregarded because he was sentenced without being given the information or opportunity to withdraw his plea as required by the foregoing rules.

Rule 11(h) provides that "[a]ny variance from the procedure required by [Rule 11] which does not affect substantial rights shall be disregarded." We reiterated this in Syllabus Point 2 of *State v. Valentine*, holding that "[t]he harmless error rule of Rule 11(h) of the West Virginia Rules of Criminal Procedure should be applied when the factual evidence is clear that no substantial rights of the defendant were disregarded." 208 W. Va. 513, 514, 541 S.E.2d 603, 604 (2000). Finally, and most specific to the facts of this case, we held that "[t]he omission of the statement required by Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure must be deemed harmless error unless there is some realistic likelihood that the defendant labored under the misapprehension that his plea could be withdrawn." *Id*. at 514, 541 S.E.2d at 604, Syl. Pt. 3.

Under the circumstances presented here, we agree with the State that the circuit court's omission of the Rule 11(e)(2) provision is harmless error. Here, petitioner's plea agreement expressly provided that sentencing would be left to the discretion of the circuit court. Then, the circuit court informed petitioner on multiple occasions during his plea colloquy that the court would exercise its discretion in imposing his sentence, despite the State's recommendation. Furthermore, petitioner signed a written guilty plea which expressly stated that "[h]aving read and understood my foregoing rights and further understanding that any plea bargaining which appears in the record of this case is not binding upon the Court with respect to punishment or probation."

While petitioner contends that "[t]here was a reasonable likelihood that [he] was under the misapprehension that the plea could be withdrawn" if the circuit court did not abide by the State's

recommendation, he does not affirmatively assert that he misunderstood the terms of his plea agreement. Further, his blanket statement that his "substantial rights . . . were violated requiring reversal" is only supported by his assertion that the circuit court is required to provide the Rule 11(e)(2) provision and now, having not been informed to the letter of the Rule, he stands sentenced to consecutive terms of incarceration for his felony offenses, rather than concurrent sentencing. However, just as in *Valentine*, "we refuse to exalt form over substance in Rule 11 hearings." 208 W. Va. at 517, 541 S.E.2d at 607. There is no indication in the record that petitioner "labored under the misapprehension that his plea could be withdrawn," and we, therefore, find that the circuit court's omission of the Rule 11 provision is harmless. *Id*.

For the foregoing reasons, we find no error in the circuit court's May 24, 2021, order.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

5